ROBINSON *et al. v.* FAY *et al.*

(*Supreme Court, General Term, Second Department.* May 9, 1892.)

1. CLUBS—LIABILITY OF TRUSTEES—RATIFICATION OF CONTRACT.
    Trustees of a club organized under Laws 1865, c. 368, making such trustees liable for the debts of the club contracted while they are in office, are liable for work done under a contract with the club, they having ratified an expenditure in excess of the cost limited by the governing board, made payments on account, and requested time to pay the residue.

2. SAME—PRIMARY LIABILITY.
    It is not necessary for a creditor of such club to first exhaust his remedy against it before proceeding against the trustees.

3. SAME—ENFORCING MECHANIC'S LIEN AGAINST CLUB.
    An action to enforce a mechanic's lien against the club does not affect the claim against the trustees for the same work.

Appeal from circuit court, Richmond county.

Action by Winslow Robinson and another against J. Rockwell Fay, Charles G. West, William H. Gedney, and others to recover on a contract made with the Hoboken Turtle Club, and to charge defendants, as trustees, with the statutory liability for such debt. From a judgment for plaintiffs, and an order denying a motion for a new trial, defendants West and Gedney appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Dill, Chandler & Seymour,* (*James B. Dill,* of counsel,) for appellants. *William M. Mullen,* for respondents.

BARNARD, P. J. The plaintiff did work for the Hoboken Turtle Club upon the club house at Larclimont Manor, N. Y. There was a contract with the club under which the work was done. The contract price was $3,076. The amount of the bill, and the extra work done by the direction of the club officers, is not seriously questioned. The defendants were the trustees of the

club, and they deny their liability for the debt of the club.   The Hoboken Turtle Club was organized on the 29th of May, 1889, under chapter 368, Laws 1865.   By the seventh section of this act, the trustees are made jointly or severally liable for all debts contracted while they are trustees, if the debts are payable within one year from the time when such debts were contracted, and if the suit be brought within one year after the debt became due.   The case shows that the cost of the work was limited to $2,000 by a resolution of the governing board.   There is proof tending to show that the trustees ratified the expenditure in excess of that amount.   The jury found the entire debt to be due.   The work was done under the notice of the trustees and members of the club, and the trustees made payments on account of the debt, and requested time in which to pay the residue.   The finding is fully supported.   The action is not for a penalty.   The statute makes a direct obligation against the trustees, and not as a penalty for not doing something required by law.   The trustees contracted this debt, in a legal sense, themselves.   *Wiles* v. *Suydam,* 64 N. Y. 173; *Gadsen* v. *Woodward,* 103 N. Y. 242, 8 N. E. Rep. 653.   There was no necessity imposed by the law upon the plaintiff to exhaust his remedy against the club.   The trustees were liable, in the first instance, as contractors, and not by way of suretyship.   The pleadings upon the part of the defendants did not set up the filing of a lien and judgment therein as a bar.   Such a defense was not available if good. *Hollister* v. *Stewart,* 111 N. Y. 644, 19 N. E. Rep. 782.   The action to enforce the lien is not destructive of the claim against the trustees.   The plaintiff can have both remedies, with but one satisfaction.   The judgment and order denying a new trial should be affirmed, with costs.   All concur.