HOLMES A. WHEELER v. CHARLES H. ELLIS.

Under the act concerning proceedings on bonds and mortgages (*Rev. Sup.*, p. 489, &c.), the right of action upon a bond secured by mortgage will not be barred by the lapse of six months after sale of the mortgaged premises in proceedings instituted to foreclose a prior mortgage.

---

On case certified from the Monmouth Circuit.

Argued at June Term, 1893, before Justices DIXON, MAGIE and GARRISON.

For the plaintiff, *Frederick Parker.*

For the defendant, *Samuel C. Cowart.*

The opinion of the court was delivered by

DIXON, J. On June 6th, 1887, the defendant executed and delivered to the plaintiff his bond for the payment of $1,070.83 to the plaintiff in one year, and a mortgage on two farms in Monmouth county to secure the bond. Both farms were then encumbered by prior mortgages. Subsequently foreclosure proceedings were instituted on these prior mortgages, in which proceedings the plaintiff was made a defendant and obtained decrees for the amount due him. On November 2d, 1889, and January 13th, 1890, the farms were sold under executions in these chancery proceedings, but nothing was realized towards payment of the plaintiff's debt.

In March, 1893, the plaintiff brought this action upon the bond in the Monmouth Circuit, and the defendant pleaded the foregoing facts in bar, relying upon "An act concerning proceedings on bonds and mortgages given for the same indebtedness, and the foreclosure and sale of mortgaged premises thereunder," approved March 12th, 1880, and the amendment thereof passed March 23d, 1881. *Rev. Sup., p:* 489, &c. The plaintiff demurred to this plea, and thereupon the Circuit Court certified the case to this court for an advisory opinion on the question whether the act referred to was applicable to the case in hand.

The amended statute provides :

"SECTION 2. That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage, and if, at the sale of the mortgaged premises under said foreclosure proceedings, the said premises shall not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issue only for balance of debt and costs of suit.

"SECTION 3. That if, after the foreclosure and sale of any mortgaged premises, the person who is entitled to the debt shall recover a judgment in a suit on said bond for any balance of debt, such recovery shall open the foreclosure and sale of said premises, and the person against whom the judgment has been recovered may redeem the property by paying the full amount of money for which the decree was rendered, with°interest to be computed from the date of said decree, and all costs of proceedings on the bond ; *provided,* that a suit for redemption is brought within six months after the entry of such judgment for the balance of the debt."

The defendant contends that, as the plaintiff's mortgage was foreclosed by the proceedings instituted upon the prior mortgages, he was bound to bring suit upon the bond secured by that mortgage within six months after sale of the mortgaged premises, and that for his failure to do so his action was barred. The plaintiff insists that the limitation applies only to the bonds accompanying the mortgages upon which the foreclosure proceedings were instituted, viz., the bonds held by the complainants in foreclosure.

The language of the statute is capable of supporting either contention. Speaking loosely, the decrees and sales in chancery foreclosed the equities of redemption existing against every mortgage embraced in the decrees, and in this sense those suits were proceedings to foreclose the plaintiff's mortgage and thus collect his debt. But speaking more strictly, those proceedings foreclosed only the equities of redemption existing against the complainant's mortgages, and their effect in the way of barring the equities existing against the present plaintiff's mortgage was merely incidental. In this sense they were not proceedings to foreclose his mortgage, *i. e.* having that for their motive and aim.

If the construction of the act depended upon its language only I would incline to the plaintiff's view, for I think so restrictive a statute as this should receive the narrower of two reasonable interpretations. It would then follow that the suit upon the plaintiff's bond is not barred, because there

has been no sale in proceedings instituted for the purpose of foreclosing the accompanying mortgage.

But a safer guide to the proper construction of this law will be found by looking at the effect of maintaining the one and the other of these contentions.

If we adopt the defendant's view, then, under section 3 of the act, the conclusive character of a sale in foreclosure of a prior mortgage will not be ascertained until every subsequent mortgagee necessarily made a party to the foreclosure proceedings has had six months in which to bring suit on his bond, and, in case of any such suit, until it is ended by final judgment, and perhaps until six months afterwards. Evidently this would render the foreclosure of prior mortgages very precarious, and would enable the mortgagors to impair seriously the value of such securities by giving subsequent mortgages. It is not to be believed, without clearer evidence than this statute affords, that the legislature intended to place such obstacles in the way of enforcing mortgages.

Under the other view—that the statute deals only with the bond of the complainant in foreclosure—he may make his sale effective and final, either by selling the mortgaged premises for enough to satisfy his debt or by relinquishing all right of action upon his bond for the deficiency. That probably reaches the actual design of the legislature.

Our opinion is that the question certified should be answered in the negative, and judgment should be rendered upon the demurrer for the plaintiff.