JOHN RAVEN, Respondent, v. WILLIAM R. SMITH, Appellant.

*A recovery on the foreclosure of a mechanic's lien — not a bar to an action on the contract — evidence that work was stopped — effect on appeal of a failure to take exceptions.*

The fact that a recovery was had, in an action brought to foreclose a mechanic's lien, for work actually performed, does not bar a recovery therefor in an action brought to recover the contract price of work performed and damages for the breach of such contract.

In an action brought to recover damages for the breach of a contract, the report made to the plaintiff by his workmen that they had been stopped in the performance of the contract by the defendant, accompanied by proof that the defendant did stop the performance of work under the contract, is competent evidence upon the trial to show the reason why the plaintiff ceased the further performance of the contract.

*Semble*, that upon an appeal from an order denying a motion made for a new trial of an action, an appellate court will disregard the failure of the party against whom the judgment was rendered to take exceptions to portions of the charge of the trial court, if it is satisfied that injustice has been done.

APPEAL by the defendant, William R. Smith, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 9th day of October, 1893, upon the verdict of a jury rendered after a trial at the Westchester Circuit, and also from an order made on the 5th day of October, 1893, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*James R. Bowen*, for the appellant.

*Frederick W. Clark* and *A. J. Burns*, for the respondent.

CULLEN, J.:

This is an appeal from a judgment entered on the verdict of a jury at a Circuit and an order denying defendant's motion for a new trial. The action is to recover for the breach of an alleged contract by which the plaintiff was to do certain grading for the defendant, and the plaintiff claimed both for work done under the contract and for loss of profits on the remaining work on the ground that he was prevented by the defendant from performing his contract.

The first claim urged by the defendant, that the verdict was against the weight of evidence, is manifestly unfounded. The plaintiff testified to an agreement with defendant to do the work. The defendant admitted that he made an agreement upon the subject but testified that it was conditional, that is, he told the plaintiff that he (defendant) was about to make a contract with one Jones for the whole work, and that in case such contract was made plaintiff must look to Jones. This qualification the plaintiff denied. These were the only witnesses who testified to the terms of the agreement, and, under the circumstances, the statement of the plaintiff is far more probable than that of the defendant.

The claim that the recovery in an action to foreclose a mechanic's lien for the work actually performed barred a recovery therefor in this action has been decided by this court adversely to the defendant. (*Raven* v. *Smith*, 71 Hun, 197.)

The objections to the questions as to the relation of Jones to the

# 92 RAVEN v. SMITH.

property to be graded were properly sustained. The questions called for mere conclusions by the witnesses. The defendant was permitted to prove that he made a contract with Jones for the performance of the work. In fact, the whole evidence on this subject would have been irrelevant except for the testimony of the defendant that plaintiff's contract was to be subordinate to that of Jones in case one was made. The evidence as to what other work plaintiff had done for Jones, what receipts he had given therefor, and the relations of McNamara to Jones was properly excluded as irrelevant.

The report made to plaintiff by his workmen, that they had been stopped by the defendant, accompanied by proof by plaintiff's son that the defendant did stop the work, was competent to show the reason why plaintiff ceased the further performance of the contract.

If the copy of the notice given by plaintiff was improperly received in evidence it cannot have harmed the defendant, for it sufficiently appeared by other evidence that at the time the notice was given the defendant repudiated any contract with the plaintiff.

The evidence of Fairchild (the engineer) as to the quantity of grading he estimated, was competent. The plaintiff had testified to a contract for grading the triangular plot down to the level of its three boundaries, the highroad, the railroad and the pipe line. The estimate or computation of the engineer was of the quantity necessary to grade the land down to a higher level than that given by the plaintiff. Of course the defendant was not bound by Fairchild's plans of grading, but, assuming that the plaintiff was unable to prove the quantity of excavation required by the contract as he stated it, certainly it was competent to prove a quantity that must necessarily have been included in his contract, and forego his claim to the remainder. Under the testimony of Fairchild the quantity calculated and stated by him must necessarily have been less than that required by the contract.

A juror asked the court if the notice given by the defendant the next day, that he was going to hand the contract over to Jones, was binding on the plaintiff. The court answered : " Not unless he consents, no." To this answer the defendant excepted. We think that it was correct. Certainly the notice itself could not have bound plaintiff unless he consented, or unless the contract was subject to the qualification testified to by the defendant. If the

defendant thought the answer insufficient he should have asked the court to charge as to the effect of the notice, on the assumption that the jury found that the contract was qualified. Criticism is made that the court in its charge expressed its opinion on the questions of fact involved, but no exceptions were taken by the defendant as to such expressions. On the appeal from the order denying a new trial, we could disregard the failure to take exceptions if we were satisfied that an injustice had been done, but we cannot say that the verdict was wrong.

The judgment and order denying motion for a new trial appealed from should be affirmed, with costs.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.