DELIA PRUDEN v. HATTIE E. SAVAGE ET AL.

Submitted July 3, 1903—Decided January 15, 1904.

The act concerning proceedings on bonds and mortgages given for the same indebtedness, &c. (*Pamph. L.* 1881, *p.* 184), is not applicable to cases in which the mortgage given is a nullity for want of title in the mortgagors.

Certified case.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiff, *John B. Vreeland.*

For the defendants, *Willard W. Cutler.*

The opinion of the court was delivered by

DIXON, J. The plaintiff brought suit in the Morris Circuit Court upon a money bond for $800, given to her by the defendants, dated October 18th, 1887, and one of the defendants pleaded therein that on the same day they had given the plaintiff a mortgage on land in Morris county to secure the same debt; that afterwards the plaintiff had prosecuted in the Court of Chancery a suit to foreclose that mortgage, and under a decree therein the land had been sold to the plaintiff for $400; that by force of the statute (*Pamph. L.* 1881, *p.* 184) an action for the deficiency on the

bond could not be maintained unless commenced within six months from the date of the sale, and that the present suit was not brought within that time. To this, the plaintiff replied that the defendants never had any title to the land described in the mortgage, and hence the so-called mortgage was a nullity.

A motion to strike out the replication has been certified by the Circuit to this court for its advisory opinion.

The statute invoked applies, we think, only to cases in which a genuine mortgage has been given. This seems plain from its provisions that the mortgage shall be foreclosed before suit is brought upon the bond, and that after judgment upon the bond the judgment debtor may redeem the property. It would be absurd to require foreclosure and to authorize redemption in case the so-called mortgage were a nullity. This court has already held that when a mortgage has ceased to be a lien upon the land, without the institution of a suit thereon to foreclose it, the statute is no longer applicable. *Wheeler* v. *Ellis,* 27 *Vroom* 28; *Seigman* v. *Streeter,* 35 *Id.* 169; *Franklin Building Association* v. *Richman,* 36 *Id.* 526. If the termination of a lien, once valid, will exclude the operation of the statute, *a fortiori* should the fact that no lien ever existed have that effect.

The proceedings in chancery to foreclose this so-called mortgage did not change the legal situation now presented to this court. We are not considering the amount remaining unpaid upon the bond; we are dealing only with the question whether, if the replication be true, a mortgage within the meaning of this statute was given. In the chancery suit that question had, and could have, no place.

The Circuit Court is advised to deny the motion of the defendant.