PORTER et al. v. FULD & HATCH KNITTING CO.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

1. PLEADING—PLEA IN ABATEMENT—SUFFICIENCY.

In replevin a separate defense in the answer, alleging that there is another action pending between the same parties for the same cause, but not alleging that it was pending at the commencement of the present action, is insufficient.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 201, 221.]

2. ELECTION OF REMEDIES—PLEADING.

In an action of replevin, a defense alleging that there is another action pending, in which the plaintiffs have set up a claim for damages alleged to have been sustained by reason of the defendant's refusing to sell and deliver the same goods claimed in the present action, is insufficient to show an election of remedies barring the right to recover in replevin.

Appeal from Special Term, Albany County.

Action by Albert W. Porter and another against the Fuld & Hatch Knitting Company. From an interlocutory judgment overruling a demurrer to the separate defense in the answer, plaintiff appeals. Reversed, with leave to defendant to amend.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Walter Carroll Low, for appellant.
Rosendale & Hessberg, for respondent.

SMITH, J. The complaint is in replevin to recover of the defendant certain goods, wares, and merchandise, consisting of underwear. These goods are alleged to be the property of the plaintiffs. The defendant refused to deliver the same upon plaintiffs' request. The fourth and fifth paragraphs of the answer purport to state a separate defense, which is the subject of the demurrer. They read as follows:

"Fourth. And for a further defense and answer the defendant alleges that there is now pending another action between the same parties as are parties to this action, and in which action Fuld & Hatch Knitting Company is the plaintiff, and Albert W. Porter and Lawrence O. Erickson are the defendants, and that, as defendant is informed and believes, the plaintiffs in this action have included in their answer in the said action and made a part of the defense thereof a claim for damages alleged to have been sustained by reason of the defendant in this action refusing to sell and deliver to them the same goods, wares, and merchandise as are referred to in the complaint in this action, and they constitute the subject-matter of the cause of action set forth

in the complaint herein, and that the said plaintiffs thereby have elected to make a claim upon contract, and all the issues pending between the plaintiffs and the defendant may be completely adjusted in that action. Fifth. That there is another action pending between the same parties to this action for the same cause of action set forth in the complaint herein."

It is clear that the matter alleged in this so-called separate defense cannot be sustained as a defense; that another action is pending between the same parties, because it is not alleged that such other action was pending at the time of the commencement of this action.

The learned justice at Special Term has overruled the demurrer, upon the ground that a defense of an election is alleged, which has precluded these plaintiffs from asserting in this action the right to the possession of the property. The difficulty with this position, as we view it, is that there are no facts alleged from which the plaintiffs had any right of election. It is not important here to consider in what cases a party has an election between different remedies. It seems clear that no circumstances can exist which can give to a plaintiff an election to sue in replevin for property as his property, or to sue for damages against the defendant for refusal to sell and deliver to him that property. He may have either one of those causes of action. He cannot, in the nature of things, have both causes of action between which he may elect. It follows, therefore, that the part of the answer demurred to contains no defense of an election of remedies. If in defense of this action of replevin the defendant should introduce in evidence the plaintiff's answer, stating the facts which are alleged in its so-called separate defense, it would be an admission that the plaintiffs did not have title to the merchandise for which they have here sued. The allegations are simply allegations of evidence. Such evidence is subject to explanation upon the trial, as any other admission of the plaintiffs which may be proven. The allegations do not constitute a separate defense, and should not have been so characterized. The demurrer was therefore improperly overruled. The interlocutory judgment should be reversed, with costs, with the usual leave to the defendant to amend upon payment of costs of the demurrer. All concur.