O'LEARY v. TOOKER.

(Supreme Court, Appellate Term. May 7, 1909.)

PLEADING (§ 106*)—PENDENCY OF OTHER ACTION.

    A defense to a counterclaim in excess of the demand sued on, which alleges the pendency of another action in another court between defendant and plaintiff's assignor for the cause of action set forth in the counterclaim, is insufficient on demurrer, for failing to aver that the other action was pending at the commencement of the action on the demand sued on.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 221-225½ ; Dec. Dig. § 106.*]

Appeal from City Court of New York, Special Term.

Action by Joseph F. O'Leary against George E. Tooker. From an interlocutory judgment overruling a demurrer to the reply to the counterclaim, defendant appeals. Reversed, and demurrer sustained.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Gustav Lange, Jr. (Ralph Barnett, of counsel), for appellant.

Malcolm W. Clephane, for respondent.

PER CURIAM. Defendant did not deny plaintiff's claim, but counterclaimed a sum largely in excess thereof, and demanded judgment only for a dismissal of the complaint. Plaintiff replied, alleging that there is another action pending in the Supreme Court between defendant and plaintiff's assignor for the same cause set forth in the counterclaim. To the reply defendant demurred, as insufficient in law upon its face. This demurrer was overruled, and defendant appeals.

Porter v. Fuld & Harch Knitting Co., 114 App. Div. 292, 99 N. Y. Supp. 815 was an action in replevin. Plaintiff demurred to the answer, which alleged as follows:

"That there is another action pending between the same parties to this action for the same cause of action set forth in the complaint herein."

The court, sustaining the demurrer, said:

"It is clear that the matter alleged in this so-called separate defense cannot be sustained as a defense that another action is pending between the same

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

parties, because it is not alleged that such other action was pending at the time of the commencement of this action."

Upon this authority this judgment must be reversed.

Interlocutory judgment reversed, and demurrer sustained, with costs to appellant to abide the event.