KATARINA P. SCHMIDT, RESPONDENT, v. CHARLES FREY AND LENA FREY, APPELLANTS.

Submitted March 23, 1914—Decided June 15, 1914.

1. Under the act concerning proceedings on bonds and mortgages (3 *Comp. Stat., p.* 3421), the right of action upon a bond secured by a mortgage is not barred by the lapse of six months after the sale of the lands upon which such mortgage was a lien in proceedings instituted to foreclose a prior mortgage thereon.
2. In an action on a bond given as a part of the purchase price of lands when the sale, having been executed, has not been rescinded, false representations inducing such sale may be shown as evidence of a partial failure of consideration of such bond and in abatement of the debt claimed in such action.

---

On appeal from the Supreme Court.

On August 30th, 1906, Katarina P. Schmidt, being the owner of certain lands, placed thereon a mortgage to secure $10,000. On August 20th, 1907, these lands were sold by Mrs. Schmidt at public auction and were purchased by Charles Frey and Lena, his wife, for $22,000 which was paid as follows:

By cash, $7,000.

By assumption of first mortgage, $10,000.

By giving a purchase-money mortgage, $5,000.

On April 24th, 1911, the Freys conveyed the premises at a price not shown, subject to the two mortgages which were not assumed by the vendee. On August 7th, 1912, Mrs. Schmidt filed a bill to foreclose the first mortgage for $10,000, and on November 16th, 1912, a final decree was entered directing the sale of the mortgaged premises to pay the two mortgages, under which sale on January 9th, 1913, the mortgaged premises were sold to George E. Schmidt for $11,175, which paid the first mortgage, interest and costs and $62.50 on the second mortgage.

On August 19th, 1913, Katarina P. Schmidt brought the present action against the Freys on their bond for $5,000 that had accompanied their mortgage for a like amount to recover the deficiency due thereon after crediting the $62.50.

In this suit a verdict was directed for the plaintiff for the sum of $5,465.

From the judgment entered on this verdict the defendants have appealed, specifying as grounds for reversal, first, that the action on the bond was not brought within six months after the sale of the mortgaged premises upon foreclosure, and second, that by reason of the erroneous exclusion of evidence a meritorious defence to the amount claimed in the action was excluded.

For the appellants, *Peirce & Hoover.*

For the appellee, *John J. Fallon.*

The opinion of the court was delivered by

GARRISON, J. The first ground of appeal is based upon the supplement to the act concerning mortgages. *Pamph. L.* 1880, as amended; *Pamph. L.* 1881, *p.* 184; 3 *Comp. Stat.,* *p.* 3421.

The contention of the appellants is that by force of this statutory regulation the right of action on this bond was lost

by the lapse of six months from date of the sale of the mortgaged premises under proceedings to foreclose the prior mortgage.

This precise question was decided adversely to the appellants' contention by the Supreme Court in *Wheeler* v. *Ellis,* 56 *N. J. L.* 28.

We see no reason to question the soundness of this decision, the pith of which is that when the mortgage that accompanies a bond is not a lien upon the land the statute ceases to apply to the action on such bond. *Pruden* v. *Savage,* 70 *N. J. L.* 22.

This is unquestionably the case when no lien ever existed. *Seigman* v. *Streeter,* 64 *N. J. L.* 169.

It is upon reason equally so in the case of the termination of a lien that once existed. *Franklin L. & B. Ass'n* v. *Richman,* 65 *N. J. L.* 526.

The fact that the decree in the foreclosure directed the payment of the later mortgage does not affect the grounds of this decision. *Wheeler* v. *Ellis, supra.*

Nor by parity of reason, does the fact that the debt on the bond was reduced by the proceeds of the sale that terminated the lien of the mortgage. There was no error in the refusal of the court to direct a nonsuit upon this ground.

Upon the other ground, we think that the court erred in excluding testimony offered by the defendants to show that by reason of false representations attributable to the plaintiff they were induced to pay more for the land than it was reasonably worth and more than they would have paid therefor if they had not relied upon the truth of such representations. The false representation was that the property was rented to one of the richest brewers in the state on a lease that had ten years to run at an annual rental of $1,000. The falsity of this representation and the plaintiff's connection therewith were fully set out in the defendants' answer and, while not a bar to the action, it presented a defence that was open to the defendants in abatement of the debt claimed by reason of a partial failure of consideration of the contract sued upon. Upon this question the excluded testimony would,

if admitted, have raised a jury question. We think that the defence in question was open to the defendants.

Section 13 of the New Practice act provides that: "In an action upon a contract, whether under seal or not, the defendant may set up in abatement of the debt or damages claimed, a defect in or partial failure of the considerations of the contract sued on." As a general proposition, fraud that induces the making of a contract works a partial failure in the consideration thereof.

In *Lord* v. *Brookfield*, 37 *N. J. L.* 552, the contract sued on was, as in the present case, a bond given in part payment for the purchase of land. A plea set up a false representation that affected the value of the land which on demurrer was held to be bad as a plea in bar. In affirming this judgment Mr. Justice Depue said: "The defendant has received part of the consideration of his contract to purchase in the conveyance of the land which is admitted to be of some value. The injury he has sustained by the fraud practiced on him is one to be compensated for in damages, and the loss he has sustained thereby might, in the action for the consideration money, be used for the purpose of reducing the amount to be recovered, but would not bar the action. * * * In every case, what manner of defence may be made under the statute will be determined by the circumstances of the case and the situation of the defendant in reference to the subject-matter of the litigation. If the contract is still executory or if it has been executed and has been rescinded before suit brought or if the consideration has entirely failed so that the defendant has no benefit whatever from the contract the defence may be pleaded in bar. But where the contract having been executed has not been rescinded and the consideration has not entirely failed the defence is only a partial defence and will not bar the action. In that event it cannot be pleaded in bar and can be used at the trial to reduce the amount of the plaintiffs' recovery."

The declaration as to the defence of fraud as a partial failure of consideration, although it was *obiter* the case be-

fore the court, has always been regarded as a correct exposition of the law.

In *Brewster* v. *Brewster,* 38 *N. J. L.* 119, the question was directly decided in the Supreme Court. This was a case certified that brought up the question of the admissibility of testimony showing that false representations had induced the giving of the promissory note sued on. Chief Justice Beasley in his opinion said: "I can see no valid objection to this as a defence. The defence if received and proved will have the effect of confining the agreement to its honest purpose. Where fraud enters into a contract, it is not always necessary for the party wronged to rescind in order to resist its full operation. Thus if a purchaser buying land discovers after taking title that he has been cheated by means of fraudulent statements with respect to the property, he is not compelled to rescind the agreement, but he can defend and claim an abatement in a suit against him for the price of the land. This rule of practice is well settled and is stated in the recent case of *Lord* v. *Brookfield,* 8 *Vroom* 552."

See, also, *Knapp* v. *Hoboken,* 39 *N. J. L.* 394; *Rogers* v. *Baker,* 66 *Id.* 56; *Sommers* v. *Myers,* 69 *Id.* 24; *U. & G. Rubber Co.* v. *Connard,* 80 *Id.* 293.

This rule which we consider to be well settled is a general one for the abatement of a purchase price by reason of a partial failure of consideration due to fraud that entered into the sale, and hence in the nature of things applies to the sale of land as well as in any other case; indeed, *Lord v. Brookfield* was a case of the sale of land.

The circumstances that in the present case the defendants had conveyed the land before the suit against them for the purchase price was brought does not affect the application of this general rule. The defendants could not set up this defence until the action for the purchase price was brought against them which, unlike rescission, was a matter over which they had no control. When sued they offered to prove fraud as evidence of a partial failure of consideration and in abatement of the amount claimed on their bond. This testimony should have been received and submitted to the jury under proper instructions.

The judgment of the Supreme Court is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ.   12.