LOUIS ECHIKSON, APPELLANT, v. TEOFIL ZALENSKI, DEFENDANT, AND ZOFIA ZALENSKI, RESPONDENT.

Argued October 23, 1929—Decided May 19, 1930.

For the appellant, *Joseph Zemel*.

For the respondents, *Stephen J. Lorenz*.

The opinion of the court was delivered by

BODINE, J.   The writ of error brings up a judgment in favor of one of the defendants entered on a verdict directed by the trial judge in a suit tried upon an agreed state of facts.   The plaintiff's action was upon a bond executed by the husband alone secured by a second mortgage.   He sought to recover from the husband and wife, who executed the mortgage, the amount covenanted therein to be due.   A first mortgage covering the same property had been foreclosed and there was insufficient moneys realized to pay anything upon the second mortgage.   The second mortgagee was a party defendant to the foreclosure proceedings.

The present suit was brought within six months after the sheriff's sale and by virtue of section 48 of an act concerning mortgages (3 *Comp. Stat.* 1910, *p.* 3421), as follows: "That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the same premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency,

and that all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issue only for the balance of the debt and costs of suit. *Pamph. L.* 1880, *p.* 255, as amended *Pamph. L.* 1881, *p.* 184."

The bond was executed by the husband alone. The mortgage dated July 27th, 1927, was executed by both the husband and wife and contains the following covenant: "and the said Teofil Zalenski and Zofia Zalenski, his wife, for themselves, their heirs, executors and administrators, do covenant and agree to pay unto the said party of the second part, his heirs, executors, administrators and assigns, the said sum of money and interest as mentioned above and expressed in the condition of the said bond."

Appellant argues that the court below was in error in giving judgment in favor of the wife, since the mortgage was executed subsequent to the amendment of the Married Women's Property act (*Pamph. L.* 1927, *p.* 33, § 5), which provides: "That any married woman shall, after the passage of this act, have the right to bind herself by contract with any person in the same manner and to the same extent as though she were unmarried, which contracts shall be legal and obligatory, and may be enforced at law or in equity, by or against such married woman, in her own name, apart from her husband."

The prior foreclosure proceedings wiped out the plaintiff's mortgage, the plaintiff being a party defendant to that action. *McCall* v. *Yard,* 9 *N. J. Eq.* 358. Since the mortgage was wiped out by the foreclosure proceedings, the plaintiff held his bond unsecured by collateral. *Seigman* v. *Streeter,* 64 *N. J. L.* 169.

"Consequently our statute requiring the holder of a bond and mortgage to first exhaust his remedy on the mortgage, before proceeding upon the bond, had no application at the time the judgment in this case was entered." *Seigman* v. *Streeter,* 64 *N. J. L.* 169, 171; *Wheeler* v. *Ellis,* 56 *Id.* 28; *Franklin, &c., Asso.* v. *Richman,* 65 *Id.* 526; *Pruden* v. *Savage,* 70 *Id.* 22; *Bower* v. *Bower,* 78 *Id.* 387; *Schmidt* v. *Frey,* 86 *Id.* 215.

Since in the instant case the mortgagee's right upon the mortgage was wiped out by foreclosure no greater rights arise than are given by the bond. Upon this the wife was never indebted.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.   13.

*For reversal*—None.