Francis J. Smith, Plaintiff, *v.* Jane I. Mangin, Defendant.

Municipal Court of New York, Borough of Queens, Fourth District,
December 3, 1936.

*Walter J. A. Mack,* for the plaintiff.

*Michael J. Goldberg,* for the defendant.

PETTE, J. Plaintiff makes this motion for summary judgment under rule 113 *et seq.* of the Rules of Civil Practice.

Originally this action was instituted by the service of a summons bearing an indorsement stating that the cause of action was based upon a judgment procured by the plaintiff against the defendant in the State of New Jersey, arising out of a confession of judgment pursuant to a power of attorney embodied in a bond and mortgage executed by the defendant for a good and valuable consideration. Judgment was filed on the 24th day of January, 1936, in New Jersey, and the present action was instituted in this court on or about February 17, 1936. The defendant appeared by her attorney, who interposed an answer to the original summons, consisting of general denial and lack of jurisdiction in the New Jersey court. The respective attorneys submitted the issues of law upon a stipulated set of facts, conceding the amount specified in the judgment to be correct and also conceding the authenticity of certain documentary evidence filed in the office of the clerk of the Supreme Court in the State of New Jersey, without any concession, however, as to their legal effect in this action.

It was further conceded that one Minnie Schlorer, executrix of the last will and testament of Adam Schlorer, as complainant, commenced an action in Chancery of New Jersey, against the plaintiff and the defendant to foreclose a mortgage given by Jane I. Mangin, single, to Adam Schlorer, bearing date September 10, 1927, covering premises in the first ward, city of North Wildwood, Cape May county, State of New Jersey, recorded in book 276 of Mortgages, page 331. Defendant herein was made a party defendant by reason of being the owner of record of said premises, and the plaintiff was made a party defendant by reason of being the holder of a second mortgage on the premises. In this action the plaintiff appeared and filed a notice of appearance in which he asked that the amount due on his second mortgage be determined; no sale of the premises under said foreclosure was had in the State

of New Jersey nor was there any discontinuance thereof. However, it was further established that in a certain action brought by the city of North Wildwood against Jane I. Mangin, Minnie Schlorer, as executrix, and the plaintiff, to foreclose a certain tax sale certificate, title to the mortgaged premises finally vested in the city and wiped out the validity of the liens of the first mortgage owned by Minnie Schlorer, as executrix, and the second mortgage owned by the plaintiff herein.

Subsequent to the submission upon the agreed state of facts, the plaintiff herein was permitted to amend his complaint so as to contain a second cause of action based upon the bond which accompanied the foreclosed mortgage. The defendant thereafter amended her answer to contain the additional affirmative defenses of merger and another action pending.

The issues before the court resolve themselves to be solely those of law, since the issues of fact are practically conceded for all purposes.

With regard to the affirmative defense of " merger " in connection with the cause of action based upon the bond which the defendant contends is merged in the New Jersey judgment, the court wishes to cite the law of this State that a holder of a bond and mortgage may *at the same time by different remedies and actions* pursue his right to the collection of a debt and the enforcement of the lien. (*Cavalluzzo* v. *Diamond,* 119 Misc. 645; affd., 205 App. Div. 833; *Power* v. *Onward Const. Co.,* 39 Misc. 707, 708.) It has been also established by the decisions that the entry of a judgment in the foreclosure action is not a bar, until the judgment has been paid, to an action on a note for the debt. *This is so because the remedies are cumulative.* (*Matter of Gould Coupler Co.,* 79 Hun, 206; *Cavalluzzo* v. *Diamond, supra.*)

In *Van Etten* v. *Sphinx Holding Corporation* (114 Misc. 436, 443; affd., 197 App. Div. 929) the court held: " An action in equity to foreclose a mechanic's lien and an action at law to recover the debt, which the notice of lien was filed to secure, are *concurrent remedies;* there may be *two judgments but there can be but one satisfaction of the debt.* (*Robinson* v. *Fay,* 19 N. Y. Supp. 120; *Raven* v. *Smith,* 87 Hun, 90; *Bryson* v. *St. Helen,* 79 id. 167; *Matter of Gould Coupler Co.,* Id. 206; *Smith* v. *Fleischman,* 23 App. Div. 355.) "

In *Smith* v. *Fleischman* (23 App. Div. 355, 358) the action was brought to foreclose a lien, and subsequently another action was brought at law, and a similar defense was interposed. The court held: " While the right to the enforcement of the lien is dependent upon the establishment of a legal right to recover, it does **not**

follow that, where that right is brought in question in another action, the enforcement of the lien must be had *concurrently* with the establishment of the right. \* \* \* where a lienor has chosen to bring an action at law, that does not affect his right to continue a lien and, any time before the satisfaction of the judgment, resort to a foreclosure of the lien. It is declared to be a cumulative remedy. (*Matter of Gould Coupler Co.*, 79 Hun, 206.) "

In *Power* v. *Onward Construction Company* (39 Misc. 708) a similar rule was stated as follows: " There can be no doubt of the plaintiff's right to pursue his remedy for the debt and the enforcement of the lien at the same time by different actions. (*Webb* v. *Van Zandt*, 16 Abb. Pr. 190, 194; *Raven* v. *Smith*, 71 Hun, 197.)"

In view of the foregoing I hold that the so-called defense of merger interposed herein is insufficient.

Assuming, for the purpose of this argument and motion, that the judgment procured in the State of New Jersey is void and hence not entitled to recognition by this court by reason of the jurisdictional defects in the original court of record, this court finds that the defendant's affirmative defense of another action pending is likewise without merit for the following reasons:

It is a well-settled rule in this State that the rule relates only to those actions pending which are brought in the courts of this State. (*Dresdner* v. *Goldman Sachs Trading Corp.*, 240 App. Div. 242.) In the instant case the fact that another action might be pending and unfinished in the State of New Jersey would not comply with the precedents of New York courts. The plea of another action pending constitutes an affirmative defense and can only be supported by showing that former suit was brought upon same cause of action and was pending when subsequent action was commenced. (*Hirsh* v. *Manhattan Ry. Co.*, 84 App. Div. 374.) Proof of the commencement of an action is not sufficient to show that it is an action pending at the time when the plea is interposed. The party interposing such plea is bound to show as matter of fact the continued existence of such suit as a pending action. When that is shown then it devolves upon the party against whom the plea is interposed to show a discontinuance by some form of judicial declaration. (*Crossman* v. *Universal Rubber Co.*, 131 N. Y. 636; *Hirsh* v. *Manhattan Railway Co.*, 84 App. Div. 374, 377.)

In the instant case the record of the New Jersey judgment wherein the city of North Wildwood acquired title under the tax lien disposed of any question of pending foreclosure proceedings under the mortgage owned by Minnie Schlorer, as executrix, since the foreclosure of the city tax lien took priority over any and all other liens and mortgages. The completion of the first

mortgagee's foreclosure proceedings thereafter would be meaningless and accomplish no purpose. The only remedy remaining is that in which recovery might be had upon the bonds. Furthermore, it is conceded that final judgment was entered in the foreclosure proceeding instituted by said Minnie Schlorer, as executrix. In *Porter* v. *Kingsbury* (77 N. Y. 164, 168) the Court of Appeals held: " The judgment entered against the plaintiff in the first action was final. That action upon the entry of the judgment was determined, *and was no longer pending*. The rights of the parties were adjudicated, and the defendants were at liberty to issue execution to collect the costs awarded by the judgment, and the only right left to the plaintiff was the right to appeal to this court, which he might, or might not exercise. This action was then commenced, and it is plain that the former action was not then pending. No appeal had been taken from the judgment dismissing the complaint in the first action, and the judgment was in full force. * * * But it would, we think, be adopting a new principle in the law, to hold that a plea of a former suit pending, may be supported by proof of an unsatisfied judgment against the plaintiff in a prior unsuccessful action, upon the claim, which is the subject of the second action. If the former judgment is a bar it may be pleaded as such, but the action is terminated and ended by a final judgment, and is we think no longer pending within the meaning of this plea."

Bradbury's Rules of Pleading (2d ed. p. 1079) states the rule on the subject as follows: " Former action pending.— A plea of a former action pending must show that the cause of action in the former suit was *identical* with the cause of action in the second suit (*Gardner* v. *Clark*, 21 N. Y. 399); that there is *identity* as to the parties, the subject-matter and the relief sought in the two actions, * * * and must specifically allege that such other action was pending at the time of the commencement of the second action. (*Porter* v. *Fuld & Hatch Knitting Co.*, 114 App. Div. 292; *O'Leary* v. *Tooker*, 116 N. Y. Supp. 664.) "

From the stipulated set of facts it is apparent that the foreclosure action instituted by Minnie Schlorer, as executrix, wherein Francis J. Smith and Jane I. Mangin were made party defendants by reason of their subordinate interests, is not the same with respect to parties or issues involved in the present action upon the bond, and does not comply with the citations and authorities mentioned herein.

With regard to the third affirmative defense of the New Jersey Statute of Limitations, the court is of the opinion that the same is without merit. The aforesaid statute clearly provides that where

a bond and mortgage has been, or may thereafter be, given for the same debt, all proceedings to collect such debt shall be, first to foreclose the said mortgage, and in the event of a sale which does not bring a sufficient sum, then to proceed on the bond for the deficiency within three months from the date of sale. The language of the statute is unambiguous. This short Statute of Limitations applies only to those cases where there has been a foreclosure of the mortgage which *accompanies the bond*. The statute has no application where the lien of the mortgage has been cut off by the foreclosure of a prior mortgage. (*Wheeler* v. *Ellis*, 56 N. J. L. 28; 27 A. 911; *Schmidt* v. *Frey*, 86 N. J. L. 215; 90 A. 1123; *Sivade* v. *Smith*, 104 N. J. Eq. 528; 146 A. 364; *Echikson* v. *Zalenski*, 106 N. J. L. 508; 150 A. 335.)

In the case of *Echikson* v. *Zalenski* (*supra*) the suit was upon the second mortgage bond after the foreclosure of the first mortgage. The court stated: " The prior foreclosure proceedings wiped out the plaintiff's mortgage, the plaintiff being a party defendant to that action. * * * Since the mortgage was wiped out by the foreclosure proceedings, the plaintiff held his bond unsecured by collateral. * * * ' Consequently, our statute requiring the holder of a bond and mortgage to first exhaust his remedy on the mortgage, before proceeding on the bond, had no application at the time the judgment in this case was entered.' "

As has been stated, this plaintiff was made a party defendant in the other action instituted by the city collector of North Wildwood; and when the property was sold and title vested in said city, the lien of the plaintiff's second mortgage was destroyed. (*Sautter* v. *Frick*, 229 App. Div. 345, 347; affd., 256 N. Y. 535; 2 Wiltsie Mortgage Foreclosure [4th ed.], § 1038.)

The rule has been well stated in such cases in the action of *Weisel* v. *Hagdahl Realty Co., Inc.* (241 App. Div. 314), wherein the court held:

" But the debt was not affected by the foreclosure of the prior mortgage (*Sautter* v. *Frick, supra*); and while the plaintiff could not have the property sold in his foreclosure action, he could, unless section 1083-b applies, obtain a deficiency judgment. It is not essential to such a judgment that the deficiency be ascertained by a sale in the action, but it is sufficient if the amount of the deficiency be ascertained by a sale in an action to foreclose a prior mortgage to which the person liable was a party. (*Frank* v. *Davis*, 135 N. Y. 275.) * * *. .

" Where the first mortgage has been foreclosed a different situation exists. The second mortgagee has lost the security of the property. If it were held that sections 1083-a and 1083-b

applied, and the mortgagor showed by opinion evidence that the property was worth both the amounts of the first and second mortgages, then the second mortgagee would have neither the property nor a deficiency judgment. He would not only be prevented from receiving a double recovery, but he would lose all his rights to enforce repayment of the indebtedness. This would be no temporary suspension of his rights, but would result in their annihilation. The emergency legislation was intended to prevent unconscionable gains by mortgagees through acquiring both the property and a large deficiency judgment to be satisfied from other property of the luckless mortgagors. *As we view it, it was not intended to destroy and wipe out all obligations where the mortgagee had suffered a loss of security which had turned out to be inadequate, and leave him entirely remediless with no possible payment from the security and with no right to recover a judgment for the money loaned."*

In the action of *Shields* v. *Di Giacomo* (246 App. Div. 826) a similar motion was made for judgment on the pleadings and it was held that in an action on bond secured by mortgage, the lien of which was extinguished by foreclosure of prior mortgage, the Mortgage Moratorium Acts were not available to the defendant, citing *Weisel* v. *Hagdahl Realty Co., Inc, (supra)*. (See, also, *Brenek* v. *Bednar*, 243 App. Div. 622.)

In accordance with the foregoing authorities and upon the facts set forth in the stipulation, motion papers and exhibits, the court grants the plaintiff's motion for summary judgment, striking out the answer of the defendant and directing the entry of judgment in favor of the plaintiff for the sum conceded to be due upon the bond in the sum of $765.62 with interest.