Essex County Circuit Court.

BLOOMFIELD HEIGHTS, INC., PLAINTIFF, v. HOLLAND ASSOCIATES, INC., AND JULIAN A. COHEN, DEFENDANTS.

Decided January 17, 1944.

For the plaintiff, *Harry Schaffer.*

For the defendants, *Milton M. Unger.*

WILLIAM A. SMITH, C. C. J. This action is based upon a bond made by the two defendants, Holland Associates, Inc., and Julian A. Cohen. A mortgage was given by the Holland Associates, Inc., to Harry H. Koehler, and the bond was secured by a mortgage made by the defendant Holland Associates, Inc., to said Koehler. The bond and mortgage were dated April 8th, 1931, and were conditioned to pay the sum of $23,971.50 with interest on March 15th, 1934. The bond and mortgage, by mesne assignments, came into possession of the plaintiff, Bloomfield Heights, Inc. In 1934 the tax collector of the Town of Bloomfield sold the mortgaged premises for unpaid taxes due to the Town of Bloomfield, which was followed by a foreclosure of the tax certificate. The defendant Holland Associates, Inc., with the mortgagee, were defendants in that proceeding; the defendant Cohen was not.

The result of the foreclosure was a barring of the right of redemption. No suit was instituted by the plaintiff to foreclose its mortgage, but after the decree of foreclosure based on the tax certificate was entered, this suit was instituted against these defendants to recover on the bond.

The facts are not in dispute, and the principal question presented on this motion to strike the answers is whether the act concerning proceedings on bonds and mortgage given for the same indebtedness and the foreclosure and sale of mortgage premises thereunder, *N. J. S. A.* 2:65–1, &c., hereinafter referred to as the Mortgage Act, governs the plaintiff's rights againts the defendants.

It is contended by the plaintiff that the lien of the mortgage upon the premises described therein has been wiped out and that therefore the Mortgage Act referred to does not apply to the right of the plaintiff against the defendants on the bond; and it is the defendants' contention that the act does apply and that therefore, there being no foreclosure of the mortgage, no action may be instituted on the bond.

It is perfectly evident that if the act in question does apply, the answer sets up a good defense. If the statute does not apply, then the plaintiff is in the position of the holder of a bond under the common law as it existed before the passage of the 1880 Mortgage Act. The 1880 act with its supple-

ments and amendments as contained in the revised statute hereinbefore referred to is, of course, in derogation of the common law and should be strictly construed. *Callan* v. *Bodine*, 81 *N. J. L.* 240; 79 *Atl. Rep.* 1057; *Wolf* v. *Schlichting*, 111 *N. J. Eq.* 619; 161 *Atl. Rep.* 840.

There is a line of cases in this state which hold that this act does not apply to a situation where, although the indebtedness on the bond was secured by a mortgage the mortgage was not a lien upon the land therein described at the time of the commencement of the suit on the bond, the bond still being unpaid. *Waters* v. *Dye* (*Ocean County Circuit Court*, 1884), 7 *N. J. L. J.* 335; *Wheeler* v. *Ellis* (*Supreme Court*, 1893), 56 *N. J. L.* 28; 27 *Atl. Rep.* 911; *Seigman* v. *Streeter* (*Supreme Court*, 1899), 64 *N. J. L.* 169; 44 *Atl. Rep.* 888; *Franklin Loan and Building Association* v. *Richman* (*Supreme Court*, 1900), 65 *N. J. L.* 526; 47 *Atl. Rep.* 426; *Pruden* v. *Savage* (*Supreme Court*, 1904), 70 *N. J. L.* 22; 56 *Atl. Rep.* 690; *Bower* v. *Bower* (*Supreme Court*, 1909), 78 *N. J. L.* 387; 74 *Atl. Rep.* 522; *Schmidt* v. *Frey* (*Court of Errors and Appeals*, 1914), 86 *N. J. L.* 215; 90 *Atl. Rep.* 1123; *Echickson* v. *Zalenski* (*Court of Errors and Appeals*, 1930), 106 *N. J. L.* 508; 150 *Atl. Rep.* 335; *Sivade* v. *Smith* (*Court of Errors and Appeals*, 1929), 104 *N. J. Eq.* 528; 146 *Atl. Rep.* 364; *Pink* v. *Deering* (*Supreme Court*, 1939), 122 *N. J. L.* 277; 4 *Atl. Rep.* (*2d*) 790.

In *Wheeler* v. *Ellis, supra*, the bond on which the action was based was given to secure a mortgage cut off by the foreclosure on a prior mortgage. The court held that the requirement of the Mortgage Act to institute suit on the bond within six months after the sale of the mortgaged premises, did not apply, but the provision referred to applied only to the bond secured by the mortgage under the foreclosure of the prior mortgage. Mr. Justice Dixon in his opinion did not base his determination upon a narrow construction of the wording of the act by holding that the suit on the bond was not barred because there had been no sale in proceedings instituted by the plaintiff for the purpose of foreclosing the accompanying mortgage, but said:

"But a safer guide to the proper construction of this law

will be found by looking at the effect of maintaining the one and the other of these contentions.

"If we adopt the defendant's view, then, under section 3 of the act, the conclusive character of a sale in foreclosure of a prior mortgage will not be ascertained until every subsequent mortgagee necessarily made a party to the foreclosure proceedings has had six months in which to bring suit on his bond, and, in case of any such suit, until it is ended by final judgment, and perhaps until six months afterwards. Evidently this would render the foreclosure of prior mortgages very precarious, and would enable the mortgagors to impair seriously the value of such securities by giving subsequent mortgages. It is not to be believed, without clearer evidence than this statute affords, that the legislature intended to place such obstacles in the way of enforcing mortgages.

"Under the other view—that the statute deals only with the bond of the complainant in foreclosure—he may make his sale effective and final, either by selling the mortgaged premises enough to satisfy his debt or by relinquishing all right of action upon his bond for the deficiency. That probably reaches the actual design of the legislature."

What Mr. Justice Dixon said in *Wheeler* v. *Ellis, supra,* as to the difficulties we would be met with if we applied the Mortgage Act to the situation there under consideration, applies with equal force to the present situation. It is quite obvious that we must conclude that the Mortgage Act does not apply to a situation where the mortgage which secures the bond sued on is no longer a lien on the land described therein. This is the principle of the construction of the Mortgage Act running through the line of cases hereinbefore cited.

We must therefore determine whether or not the mortgage that secured the bond sued on in this case was still a lien on the premises therein described at the time of the commencement of this suit notwithstanding the proceedings taken to foreclose under the tax lien.

The lien of the taxes on which the foreclosure proceedings were based was unquestionably prior to the lien of the mortgage which was given to secure the bond sued on. *N. J. S. A.* 54:5–9.

The conveyance by the tax certificate conveyed the title of the owner of the premises at the time the taxes became a lien subject only to the right of redemption contained in the statute, *N. J. S. A.* 54:5–54.

The conveyance in this case by the tax certificate to the Town of Bloomfield was subject to the "right of the owner, mortgagee, occupant, or other person having an interest in the land sold for municipal liens to redeem at any time within two years from the date of sale or at any time thereafter until the right to redeem has been cut off in the manner in this chapter set forth."

The defendant Holland Associates, Inc., was made a party to the tax foreclosure proceedings, and its right of redemption was therefore terminated. *N. J. S. A.* 54:5–87. The mortgage therefore ceased to be a lien upon the land described therein on the right of the redemption being barred, and therefore left the Town of Bloomfield with an indivisible title in so far as the Holland Associates, Inc., was concerned.

The defendant Cohen was not a party to the foreclosure, but neither is he one of the persons referred to in the statute who had a right to redeem. Not having any interest in the property itself he is therefore in the position of a stranger and has no right of redemption. *Mitsch* v. *Owens,* 82 *N. J. Eq.* 404; 89 *Atl. Rep.* 292; approved in *Atlantic City* v. *Gardner,* 124 *N. J. Eq.* 110; 199 *Atl. Rep.* 724.

I therefore must conclude that the defense set up by these defendants with reference to the application of the Mortgage Act must be stricken.

There was a further defense set up in the answer under the ninth defense which was withdrawn on the motion.

The plaintiff is therefore entitled to enter summary judgment against the two defendants.