McGowan v. Metropolitan Life Ins. Co.    57 N. J. L.

MARY McGOWAN v. METROPOLITAN LIFE INSURANCE
COMPANY.

"An act concerning appeals from District Courts in this state" (*Pamph. L.*
1892, *p.* 257) authorizes an appeal from a judgment rendered by the
First District Court of the city of Newark for a sum in excess of $200.

Rule to show cause.

Argued at June Term, 1894, before Justices MAGIE and
GARRISON.

For the relator, *James M. Trimble.*

For the respondent, *Thomas N. McCarter, Jr.*

The opinion of the court was delivered by

GARRISON, J.    The relator asks for a *mandamus* to compel
one of the District Courts of the city of Newark to issue an
execution upon a judgment recovered in said court, notwith-
standing the defendant therein had taken an appeal to the
Court of Common Pleas under color of "An act concerning
appeals from District Courts in this state." *Pamph. L.* 1892,
*p.* 257. The contention of the relator is that this statute
gives no right of appeal from the judgment in question.

We are unable, however, to see any possible ground for
questioning the defendant's right to this appeal.    The legisla-
ture has given it in language so plain and comprehensive
that there is neither room for interpretation or construction.
"From any judgment obtained in *any* District Court estab-
lished by law in *any* city of this state, whether by general or
special statute."    Where the amount in dispute is over $25,
"either party may appeal both as to matter of law and fact
to the Court of Common Pleas," &c.    Such is the language
of the lawmaker.    It may be true, as argued, that this act
works confusion; that it produces absurd results; that it

never would have been enacted if its consequences had been foreseen, but whence arises any authority in the judicial department to nullify legislative action because of these or similar reasons?

Admitting without examination the force of all the relator's criticisms of this act, it still remains as a perfectly plain and explicit legislative mandate, to be obeyed accordingly until it is repealed by the authority that brought it into existence.

There is not shown any pretext for judicial interference. The writ of *mandamus* is denied, with costs.