MARY McGOWAN, PLAINTIFF IN ERROR, v. METROPOLI-
TAN LIFE INSURANCE COMPANY, DEFENDANT IN
ERROR.

1.  When the words of a statute are clear and their meaning and application plain, there is no room for judicial construction.
2.  "An act concerning appeals from district courts in this state" (*Pamph. L.* 1892, *p.* 257), authorizes an appeal from a judgment rendered by the First District Court of the city of Newark for a sum in excess of $200.

On error to the Supreme Court, affirming judgment of the Essex Pleas.    For opinion of the Supreme Court, see 28 *Vroom* 390.

For the plaintiff in error, *James M. Trimble.*

For the defendant in error, *Thomas N. McCarter, Jr.*

The opinion of the court was delivered by

GARRISON, J. The question to be decided is thus stated in the brief of the plaintiff in error:

" Judgment was entered October 31st, 1893, in·the First District Court of the city of Newark, in favor of the plaintiff in error, Mary Magowan, for the sum of $211.72 damages, and costs of suit taxed at $39.14. From that judgment the defendant appealed to the Essex Common Pleas. The plaintiff claiming that the appeal to the Court of Common Pleas was null and void because no appeal to the Common Pleas would lie from the judgment of a District Court of over $200 in amount, applied to the Supreme Court for a *mandamus* to compel the District Court to issue execution on her judgment against the defendant, but the Supreme Court refused. *McGowan* v. *Metropolitan Life Insurance Co.*, 28 *Vroom* 390.

" The appeal being tried in the Essex Common Pleas *de novo* upon new pleadings with new proofs, judgment below was reversed and judgment given for defendant. This judgment of the Common Pleas was removed into the Supreme Court on a writ of *certiorari*, and the Supreme Court affirmed the judgment of the Court of Common Pleas, and from this judgment of the Supreme Court, affirming the judgment of the Common Pleas, the plaintiff now appeals to this court."

The contention of the plaintiff in error is that the Court of Common Pleas was without jurisdiction to entertain this appeal, notwithstanding the provisions of "An act concerning appeals from district courts in this state." *Pamph. L.* 1892, *p.* 257. The pertinent language of this statute is: " That from any judgment obtained in any district court established by law in any city of this state, whether by general or special statute, where the debt, demand or matter in dispute, exclusive of costs, be for a sum not less than twenty-five dollars, except judgments given by confession, either party may appeal, both as to matter of law and fact, to the court of common pleas of the county."

With respect to this act counsel for the plaintiff in error pointed to the confusion of previous practice introduced by

the sweeping nature of its provisions, and indicated some contingencies in which the results were deemed to be so absurd that had they been foreseen by the legislature the law would not have been enacted in its present form; and from this basis it was argued that the judicial department should nullify the legislative action, or at least prune it into symmetry with the body of law on this subject.

The same contention was pressed in an earlier outbranch of the case in the Supreme Court. The language of the opinion in that case was: "It may be true, as argued, that this act works confusion; that it produces absurd results; that it never would have been enacted if its consequences had been foreseen. But whence arises any authority in the judicial department to nullify legislative action because of these or similar reasons? Admitting without examination the force of all these criticisms of the act, it still remains as a perfectly plain and explicit legislative mandate to be obeyed accordingly until it is repealed by the authority that brought it into existence." *McGowan* v. *Metropolitan Life Insurance Co.*, 28 *Vroom* 390.

The reasons urged in this court against the views thus expressed have not prevailed or created any doubt as to the jurisdiction of the Pleas in the premises, which was the only question argued here.

Upon the argument reference was made to the fact that this cause was tried without a jury, and as one of the assignments of error ascribed this result to the statute under consideration, it may be well to say that upon this record, which shows no demand for a jury, no such question could have been considered had it been argued. *Joy & Selinger* v. *Blum*, 26 *Vroom* 518, 521.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, DIXON, GARRISON, LIPPINCOTT, LUDLOW, BOGERT, DAYTON, HENDRICKSON, NIXON. 9.

*For reversal*—None.