## FRANKLIN LOAN AND BUILDING ASSOCIATION OF SALEM, NEW JERSEY, v. JOHN G. RICHMAN AND ABIGAIL C. RICHMAN.

*Argued June 5, 1900—Decided November 12, 1900.*

A mortgage on lands was given to secure a bond and warrant of attorney to confess judgment. The mortgagor afterwards conveyed the mortgaged premises to a third person with an agreement that the grantee should sell the premises clear of the lien of the mortgage, and apply the proceeds to the payment of the amount due on the bond and warrant so far as they would extend. *Held,* that after such sale by the grantee and the application of the proceeds of sale in accordance with said agreement the mortgagee could lawfully enter judgment upon the bond and warrant, and that the forty-seventh section of the act concerning proceedings on bonds and mortgages (*Gen. Stat., p.* 2112) does not apply.

On rule to show cause why a judgment entered in the above cause January 24th, 1884, on a bond dated July 26th, 1883, to which a warrant of attorney to confess judgment was attached, shall not be opened and set aside, because the said bond was accompanied by a mortgage on real estate, in said

city of Salem, of even date therewith, and that no proceedings were taken to foreclose said mortgage before the entry of said judgment, and that before the entry of said judgment the mortgaged premises were conveyed to the secretary of the plaintiff company, for the benefit of said company, whereby it is alleged that the debt due on the bond was fully satisfied and paid.

Before Justice VAN SYCKEL.

For the rule, *Edward A. Armstrong.*

*Contra, Isaac O. Acton.*

The opinion of the court was delivered by

VAN SYCKEL, J. The only questions that can be considered under this rule are:

*First.* Whether it was necessary to foreclose the said mortgage before judgment could be entered on the bond.

*Second.* Whether there was such a conveyance of the mortgaged premises to the plaintiff as operated as a satisfaction of the debt due on the bond.

The bond and warrant were executed to secure a loan of money; the fact that the money was an advancement of the matured value of stock in a building association does not alter its character as a loan.

I find the facts to be as follows:

The plaintiff commenced a foreclosure of the mortgages in September, 1883. Soon after that, Richman, in order to save the costs of foreclosure and sale, proposed to the solicitor of the plaintiff to convey the mortgaged premises to Benjamin F. Wood, who should sell the property at public sale clear of encumbrances, and with the proceeds of the sale pay the mechanics' liens on the property and the expenses then incurred in the foreclosure suit, and apply the net balance to the satisfaction of the bond and warrant of attorney.

This proposition was accepted, and the conveyance made, in

accordance therewith, to Benjamin F. Wood, who sold the mortgaged premises clear of encumbrance for a sum which, after paying the encumbrances prior to the said mortgages, left the sum of $730.69 still due on the said bond and warrant of attorney, for which the judgment in controversy is entered.

This agreement and the execution of it precluded, and made unnecessary, compliance with the act of 1880, as amended in 1881, concerning proceedings on bonds and mortgages. *Gen. Stat., p.* 2112, § 47.

The proceeds of sale of the mortgaged premises having been duly applied by Wood, in accordance with his agreement with Richman, to the satisfaction of the bond and warrant so far as they would extend, the plaintiff company had a legal right thereafter to procure judgment to be entered upon the bond and warrant of attorney.

The rule to show cause should be discharged, with costs.