ANGELE I. CALLAN v. PETER BODINE.

Submitted March 23, 1911—Decided June 15, 1911.

1. In an action at law a demurrer will not lie to a declaration merely because it shows that a period has expired since the right of action accrued which would bar an action under the statute of limitations.

2. A declaration which states that a bond sued on was secured by a mortgage of even date with the bond, is not bad on a demurrer based upon the provisions of the act of 1881 (*Pamph. L., p.* 184), providing that the first proceeding to collect the debt shall be to foreclose the mortgage.

On demurrer to a rejoinder.

Before GUMMERE, CHIEF JUSTICE, and Justices REED and TRENCHARD.

For the plaintiff, *William F. Burke* and *John Milton.*

For the defendant, *Albridge C. Smith, Jr.*

The opinion of the court was delivered by

REED, J. This action was brought to recover the amount of six bonds. The declaration sets up that Peter Bodine, the defendant, on the first day of February, 1889, by a certain writing obligatory, sealed with his seal, at the city of New York, held himself bound on each of the six bonds sued on to one Benner, trustee, in the sum of $500 each, to be paid to the said Benner, trustee, on the, first day of November, 1890, together with lawful interest thereon. The declaration states that each of the said bonds provided as follows: "This bond is one of a series consisting of forty bonds in the sum of $500 each, amounting in the aggregate to the sum of $20,-000, all of even tenor and effect herewith, * * * the payment of which principal and interest is secured by a mortgage bearing even date herewith (upon certain real estate in New Jersey), which mortgage was executed and delivered by Peter Bodine to the said Charles Benner, trustee, simultaneously herewith, in trust, for the benefit of the holders of said bonds." * * * The declaration then shows that the title to each of these bonds has passed from Benner to the plaintiff.

To the declaration the defendant has filed a demurrer.

The grounds of the demurrer are substantially two—*first,* that it appears upon the face of the declaration that the right of action upon the bonds is barred by the statute of limitations; *second,* that it appears upon the face of the declaration that a mortgage was given of the same date as the bonds, and it does not appear that there has been a foreclosure of the mortgage.

In respect to the first ground, it appears upon the face of the declaration that the bonds sued on matured on November 1st, 1890, more than sixteen years before the beginning of this action. Our statute enacts that every action upon every obligation with a condition for a payment in money only shall be sued within sixteen years next after the cause of action shall have accrued, and not after. *Gen. Stat., p.* 1975, § 6.

In an action at law the defence of a bar of the statute of limitations is not available unless set up by plea. 25 *Cyc.* 1396.

The defendant cannot demur to a declaration even when it appears on its face that the limitation prescribed by the statute has expired, for the principal reason that thereby the plaintiff would be deprived of the opportunity of replying that the case was within some of the exceptions of the statute, or any other matter that would prevent the bar from attaching. 13 *Encycl. Pl. & Pr.* 200.

Where the cause of action did not exist at common law, but has been created by statute which fixes a time within which the action must be brought as an essential element of the right to sue, the question of limitation may be raised by demurrer. 25 *Cyc.* 1398.

The present action is not created by statute, but existed at common law, and in all common law procedure the defence of the statute of limitations must be specially pleaded.

The second ground for demurrer is that the declaration fails to set out the foreclosure of the mortgage, after exhibiting the fact that a mortgage was given for the debt sued upon. The defendant, in support of his demurrer, invokes the provisions of the act. *Pamph. L.* 1881, *p.* 184. This act provides that in all cases "where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be first to foreclose the mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises shall not sell for a sum sufficient to satisfy said debt, interest and costs, then in such case it shall be lawful to proceed on the bond for the defi-

ciency, and that all suits on said bond shall be commenced within six months from the date of the sale of the said mortgaged premises, and judgment shall be rendered and execution issue only for the balance of the debt and the costs of the suit."

The provision requiring the foreclosure of the mortgage as the first step in the proceeding for the collection of a debt, is a personal privilege, and is not designed to secure any object of public policy; and being a personal privilege, a party has a right to waive his privilege under the statute. *Quick* v. *Corlies,* 10 *Vroom* 11; *Hellyer* v. *Baldwin,* 24 *Id.* 111; *VanAken* v. *Tice,* 31 *Id.* 377; *Crosby* v. *Washburn,* 37 *Id.* 494; *Andrus* v. *Burke,* 16 *Dick. Ch. Rep.* 297.

An action on a bond without first foreclosing an accompanying mortgage can be brought where the bond has been presented to a legal representative of a deceased obligor, this representative having served notice disputing the claim. *Weatherby* v. *Weatherby's Executors,* 34 *Vroom* 445.

The statute has no application where the existence of a mortgage has been terminated before the institution of an action on the bond. *Seigman* v. *Streeter,* 35 *Vroom* 169.

So it is perceived that the mere fact that a mortgage was made simultaneously with the bond to secure the same debt is not conclusive against the right of action on the bond in the first instance. Although the fact of the original existence of such mortgage appears upon the face of the declaration, it may be that the right of the obligor under the statute has been waived by him, or the existence of the mortgage itself has been terminated.

Indeed, for aught that appears in the present declaration, there may have been a foreclosure of the mortgage and nothing realized from the sale of the mortgaged premises.

The statute invoked is in derogation of the common law and must be strictly construed, and in pleading the provisions of the act, and the conditions which strip the plaintiff from his common law right of action upon the bond, must be strictly set out.

We think that the demurrer should be overruled.