DEVELOPMENT BUILDING AND LOAN ASSOCIATION, OF CAMDEN, NEW JERSEY, PLAINTIFF, v. HARRY NUROCK AND EDITH NUROCK, HIS WIFE, DEFENDANTS.

DEVELOPMENT BUILDING AND LOAN ASSOCIATION, OF CAMDEN, NEW JERSEY, PLAINTIFF, v. HARRY NUROCK AND HARRY LUTZ, DEFENDANTS.

Decided December 11, 1931.

For the plaintiff, *Aaron Heine.*

For the defendants, *Jacob L. Furer.*

ELDREDGE, C. C. J. The points involved in the two above entitled cases are identical and will be disposed of together.

The plaintiff was the holder of two certain mortgages covering the property of the defendant Harry Nurock and others and instituted proceedings to foreclose the same. The foreclosures had proceeded to a point where the sheriff had made a sale of the properties to the plaintiff for fifty dollars each but no confirmation of the sales by the Court of Chancery had been obtained. Three days after the sales by the sheriff and before confirmation, the plaintiff took judgment in this court for the amounts of the deficiencies on the two bonds. The Court of Chancery has, up to the present time, refused to confirm the sale of the properties to the plaintiff and has ordered or will order a resale upon certain terms imposed upon the defendants.

Counsel for the defendants made application to the Supreme Court for a rule to show cause why the judgments in both cases should not be vacated and declared null and void. The rule was granted and, upon argument, orders dated November 2d, 1931, were made in the Supreme Court, opening the judgments, staying all proceedings and permitting the defendants to file answers to the plaintiff's causes of action, within twenty days. The answers were filed within the time allowed in the orders and set up the sole defense that the judgment on the bonds having been taken before a confirmation of the sheriff's sales in the mortgage foreclosures, were a fraud upon the defendants, were taken without legal right, and that no cause of action existed at the time they were taken.

Counsel for the plaintiff now moves to strike out the answers. The motion raises but a single question, namely, whether a judgment for deficiency, after a sheriff's sale in foreclosure may be entered before a confirmation of the sale is made by the court. The answer to this question depends upon an interpretation to be given the statute concerning foreclosures and deficiency judgments. The procedure for the entry of a deficiency judgment is found in the act of 1880 as amended in 1881. 3 *Comp. Stat.,* ¶ 48, *p.* 3421, ¶ 50, *p.* 3422. These two sections of the statute provide as follows:

"48. Procedure on bond where debt is not satisfied by foreclosure; limitations. Section 2. That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage and if *at the sale of the mortgaged premises* under said foreclosure proceedings the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bond shall be commenced within six months from the date of the sale of the said mortgaged premises, and judgment shall be rendered and execution issue only for the balance of debt and costs of suit."

"50. Report and confirmation of sale. Section 4. That in all foreclosure proceedings hereafter commenced, the sheriff or other officer who may be directed to sell any mortgaged premises shall, after making such sale, report the same within five days thereafter to the court out of which an execution or order to sell is issued, stating the name of the purchaser or purchasers and the price obtained, and if the said court, or a judge thereof, shall approve of such sale, they shall confirm the same as valid, effectual in law, and shall by rule of court allowed in open court, or by a judge thereof at chambers, direct the said sheriff or other officer to execute good and sufficient conveyance in law to the purchaser or purchasers for the mortgaged premises so sold; provided that no sale of mortgaged premises shall be confirmed by the court or further proceedings had until the court, or such judge, is satisfied by evidence that the property has been sold at the highest and best price the same would then bring in cash, and such evidence may be in the form of affidavits."

In interpreting the sections of the statute above quoted, the court must keep in mind that they are in derogation of the common law and are therefore to be strictly construed. *Callan* v. *Bodine*, 81 *N. J. L.* 240.

Prior to the passage of the act of 1880, the plaintiff had two remedies. He might enforce his lien by foreclosure or bring suit on his bond. The act of 1880 above mentioned altered the plaintiff's rights and in referring to that fact Mr. Justice Depue, in *Baldwin* v. *Flagg,* 43 *N. J. L.* 495, said :

"Its purpose and intent were obviously to confer upon the obligor named, in a bond secured also by a mortgage, a substantial advantage he did not have before the act was passed. Upon such an obligation, the obligee, prior to this act, had two remedies, the fruits of which were entirely different. He might enforce the lien of the mortgage upon the mortgaged premises by a suit for a foreclosure and also sue on the bond, and recover a judgment *in personam,* enforceable by an execution and levy on all the property of the obligor,

real and personal. This suit he might bring as soon as the bond became due and payable."

This advantage accruing to the obligor, under the act of 1880, was likewise a disadvantage to the obligee and deprived him of a right he had prior to its passage.

Bearing in mind then that the statute is to be strictly construed, an examination of its terms and provisions may be made. The plaintiff's rights with respect to the entry of a deficiency judgment are set out in section 48. He must first foreclose his mortgage and if at *the sale of the mortgaged premises* sufficient is not realized to satisfy the debt, then he may proceed on the bond, for the deficiency. Such suits on the bond, however, must be commenced within six months from the *date of the sale.*

It is to be noted that section 48 nowhere makes any reference to a confirmation of the sale. All suits on bonds for deficiency shall be commenced within six months from the date of the sale. That the sale referred to in the decree which terminates the right of redemption as well as in the act authorizing the decree of sale is the exposure of the property for sale by the sheriff, has already been decided in *Union Building & Loan Association* v. *Childray,* 127 *Atl. Rep.* 253, in which Vice-Chancellor Leaming held that such sale meant, "the public exposure of the property for sale and the procurement of a purchaser by that means. Not only is that 'public sale' of the property a sale in the common acceptation of that term but at that time the equitable title to the property passes to the purchaser * * * thus the highest bidder as a purchaser at a sheriff's sale acquires by the act of purchase a right to a conveyance * * * the order of confirmation confirms and has relation back to that sale."

Apart from this interpretation of the statute respecting the meaning of the word "sale," our courts have placed a similar interpretation upon it respecting the time limit for the entry of a deficiency judgment. It has been held that such a judgment must be entered within six months from the date of the actual sale by the sheriff, no allowance being made for the necessary lapse of time before the confirmation

can take place, under the rules of the court. *Taylor* v. *Van Nimwegen,* 86 *N. J. L.* 80, and *Carter* v. *Smith,* 42 *N. J. Eq.* 348.

The courts having interpreted the statute in the manner above indicated, it is difficult to see why a different interpretation should be given respecting the entry of a deficiency judgment. Had our courts held that the sale referred to in the statute was not a sale until confirmed and that a deficiency judgment might be entered within six months after the date of the confirmation, the situation would have been different. If the contention of counsel for the defendants be correct, then it follows that the act of 1880 is in derogation of the common law rights of the plaintiff even to the extent of depriving him of any right whatever to recover for a deficiency under his bond. It is not by any means beyond the realm of probability that confirmation of a sale, through appeal or for other reason might be delayed beyond the six months period. If such were the case, under the authorities above cited, the plaintiff would be without remedy. It is the opinion of the court that no such intention was in the mind of the legislature when the act of 1880 was passed.

The court has examined the authorities cited in the brief filed by counsel for the defendants and while their general statements support his contention, those statements are based upon decisions of courts interpreting statutes which differ from that of our own state. His statement taken from Ruling Case Law cites *Parmlee* v. *Schroeder,* 61 *Neb.* 553. The statute interpreted in that case provided that upon the report of sale the court should have power to decree a deficiency and direct payment of any balance due. The statute itself made the report of sale a condition precedent to the decree directing judgment for a deficiency. So, also, with the authority cited in Pomeroy's Equity Jurisprudence and in Jones on Mortgages, statutes differing from our own are being interpreted by the courts of other states in which the procedure also differs from that of New Jersey.

The motion to strike the answers will be granted and an order made accordingly.