ALGROD REALTY COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF, v. ROBERT H. BAYERL AND PAULINE BAYERL, DEFENDANTS.

Decided May 13, 1932.

For the plaintiff, *Platoff, Saperstein & Platoff.*

For the defendants, *Gross & Gross.*

ACKERSON, S. C. C. The defendants move to strike out the complaint as not setting forth a cause of action. The

complaint alleges, and for the purpose of this motion the allegations therein must be assumed to be true, that the plaintiff Algrod Realty Company purchased certain premises and, as part of the consideration therefor, assumed and agreed to pay a mortgage thereon; that the plaintiff thereafter conveyed said premises to the defendants, and in the deed defendants expressly agreed and assumed to pay the aforesaid mortgage as part of the consideration for the said conveyance. It is further alleged that a default having occurred in the performance of the terms of said mortgage, the mortgagees instituted proceedings in the Court of Chancery for the foreclosure of the said mortgage and that, upon demand, the defendants have failed, refused and neglected to pay the whole amount due upon said mortgage, wherefore the plaintiff demands said amount as damages for the breach of the aforesaid covenant. It thus appears that this action is by a mesne grantor against his grantee upon a covenant in the deed to pay a mortgage upon the premises which the grantor had previously assumed.

It is to be noted that there is no allegation in the complaint that the aforesaid foreclosure proceedings have resulted in a decree and a sale thereunder resulting in a deficiency, nor that the plaintiff has paid or been called upon to pay the mortgage debt. The defendants, therefore, insist that no cause of action can arise in plaintiff's behalf, at least until a deficiency is established by the foreclosure proceedings, especially in view of section 48 of the act entitled "An act concerning proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder" (*Pamph. L.* 1880, *p.* 2551, as amended *Pamph. L.* 1881, *p.* 184; 3 *Comp. Stat., p.* 3421), which section provides as follows:

"That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to *collect said debt* shall be, first, to foreclose the mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in

such case it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issue only for the balance of debt and costs of suit."

It is, of course, settled that a grantee in a deed, by accepting the same, becomes liable on the covenants therein purporting to have been made by him just as though he had signed and sealed the instrument. *Finley* v. *Simpson,* 22 *N. J. L.* 311; *Howell* v. *Baker,* 106 *N. J. Eq.* 434; 151 *Atl. Rep.* 117.

The nature and extent of the liability of a grantee upon his covenant of assumption of a mortgage debt, as such liability existed in this state prior to the adoption of the foregoing statute in 1880, was settled in the case of *Sparkman* v. *Gove,* 44 *N. J. L.* 252. There the grantor brought an action against his grantee for the breach of the grantee's covenant to assume a certain mortgage. The mortgage had matured but the grantor had not been called upon to pay it, and no deficiency had yet been established under any foreclosure proceedings. The court sustained the plaintiff's action and allowed recovery of the full amount due on the mortgage. In the course of the opinion the court said:

"The covenant in the present case was one to pay the mortgage. Its language, 'which mortgages are assumed by the party of the second part,' imports that the grantee entered into a personal obligation, and took upon himself the duties of the covenantees with regard to the mortgage. Those duties comprised, in this instance, an obligation to pay the mortgage debt at its maturity, and this obligation must therefore be considered as assumed by the defendant. His covenant is not fairly capable of any less onerous interpretation.

"On the breach of such a covenant, the damages recoverable are a sum sufficient to put the plaintiff in the position in which he would have stood if the covenant had been kept, *i. e.,* one of complete exoneration from the obligation which the defendant had agreed to discharge. Such sum is the whole amount of the plaintiff's debt. The authorities to this effect

are clear and weighty. They distinguish between cases growing out of the mere liability of the plaintiff as surety for the defendant, or mere contracts to indemnify on the one side, and cases resting upon the express agreement of the defendant with the plaintiff to pay a debt for which the plaintiff or his property is bound. In the former class, payment by the surety or actual loss must precede recovery, in the latter, the promisee, on breach, may recover the amount of the debt."

. The defendants argue that if they are held liable to the plaintiff under the circumstances set forth in the complaint herein, that they may be subjected to a double liability in that they may be compelled to pay the mortgage debt to both the mortgagee and the plaintiff. This point was raised in the Sparkman case, *supra*, and the court answered it in the following manner:

"Although this rule may occasionally expose the promisor to some danger of being twice compelled to pay the same debt, yet the risk can always be escaped *by exact performance of his contract*, and where he is in default, the instances will be rare in which the court rendering judgment against him will not protect him from loss, and even in these instances a timely resort to equity will afford him relief."

Furthermore, whatever action the mortgagee might have against the defendants must be taken in the Court of Chancery. *Crowell* v. *Hospital of Saint Barnabas, 27 N. J. Eq. 650*, and that court would protect the defendants from double liability. In any event, a judgment for the plaintiff in the present .action and a satisfaction thereof would prevent the mortgagee from maintaining a suit in equity, because whatever right a mortgagee has against an assuming grantee is derivative and is limited by the rights of the grantor against his grantee at the time the mortgagee's bill is filed. *Crowell* v. *Hospital of Saint Barnabas, supra.*

Although the case of *Sparkman* v. *Gove, supra,* was decided in 1882, it involved a mortgage which was executed prior to 1880 in which year section 48 of the "Mortgage act" was originally enacted, so that this section, which is quoted above, was not considered in that decision, but, un-

less said section has changed the rule laid down in the Sparkman case that case must still control the disposition of this motion.

A moment's reflection will show that the foregoing enactment has not limited the scope of the Sparkman case. The statute by its terms refers only to an action on a *bond* to collect a debt secured by a mortgage. The present action is not an action on the *bond* or even against any party to the bond, it is an action against a stranger to the bond to recover *damages* for the alleged breach of a covenant made by him with his grantor, who is also not a party to the bond. *National Bank of New Jersey* v. *Lefkowits,* 107 *N. J. Eq.* 265; 153 *Atl. Rep.* 328.

The statute is in derogation of the common law and must be strictly construed. *Callan* v. *Bodine,* 81 *N. J. L.* 240; 79 *Atl. Rep.* 1057; *Development Building and Loan Assn.* v. *Norock,* 10 *N. J. Mis. R.* 23; 157 *Atl. Rep.* 452. So it has been held that an action can be brought on a note for which a mortgage was given as collateral prior to foreclosing the mortgage. *Asbury Park et al.* v. *Giorano,* 3 *N. J. Mis. R.* 555; 129 *Atl. Rep.* 202; *affirmed,* 103 *N. J. L.* 171; 134 *Atl. Rep.* 915. Nor does the statute apply to any bond except the bond of the complainant in foreclosure. *Sivade* v. *Smith,* 104 *N. J. Eq.* 528; 146 *Atl. Rep.* 364. It has also been held that the statute does not apply to an action by an assignee of a bond and mortgage against his assignor who guaranteed the mortgage In such a case the assignee can sue his assignor on the guaranty prior to foreclosure unaffected by the statute in question. *Pfeiffer* v. *Crossley,* 91 *N. J. L.* 433; *affirmed,* 92 *Id.* 638; 103 *Atl. Rep.* 1000.

It is apparent, therefore, that the foregoing statute has not changed the rule laid down in the case of *Sparkman* v. *Gove, supra,* which leads to the denial of the defendant's motion.