ESTHER BERTHA WOLF, complainant,

*v.*

HERMAN C. SCHLICHTING and EMMA SCHLICHTING et al., defendants.

[Decided August 17th, 1932.]

*Mr. Lester C. Leonard,* for the complainant.

*Messrs. Quinn, Parsons & Doremus,* for the defendants.

BERRY, V. C.

The complainant foreclosed a mortgage of $6,000 covering the dwelling house and garage of the defendant. The bill

was filed on August 2d, 1930; and the property sold to the complainant by the sheriff of Momouth county on April 13th, 1931. The deed was recorded on September 1st, 1931, and thereafter the complainant had to resort to an order of this court and a writ of assistance to get possession.

On September 29th, 1931, complainant brought suit at law against the defendant for deficiency on the bond, the sale having produced only $100. By stipulation the defendant's time to answer was extended to October 31st, 1931. On the following day, and before any answer was filed, fire completely destroyed the garage and damaged the house. Complainant collected $6,037.50 from the fire insurance companies; and either has discontinued the action for the deficiency or expressed his willingness and desire to do so.

The defendant then filed a petition praying that he be permitted to redeem the property by paying to the complainant approximately $1,900 representing the difference between the amount of the foreclosure decree and the insurance money; or, in the alternative, that the complainant account to him for the fund which she received from the insurance companies. The policies in question were written in the name of the defendant as owner and complainant as mortgagee. They were issued by the fire insurance agent of the defendant; but, while the premiums were charged to the defendant on the books of the agent, they were paid by the complainant.

When Mrs. Wolf, the complainant, acquired the title by purchase from the sheriff she notified the agent of the change of ownership and requested that he endorse the policies to protect her interest as owner. He attached the following endorsement on each policy:

"It is hereby understood and agreed that the interests of Herman Schlichting as owner of the within described property covered by this policy have been assigned to Bertha Wolf. All other conditions remain unchanged."

The defendant, Schlichting, argues that Mrs. Wolf collected the insurance money either as mortgagee or assignee,

and that in either event she is accountable to him for the proceeds of the insurance policies.

His position is untenable. It cannot be said that she collected the money as mortgagee because the policies were endorsed to provide for payment to her as owner.

Neither was she an assignee from Schlichting. Her status was changed from mortgagee to owner when she bought the property and she did the usual and necessary thing when she notified the insurance agent of the transfer of title; necessary, because without such notice the companies would have had the right to cancel the policies. *Hanson* v. *National Liberty Fire Insurance Co., 100 N. J. Law 215; 126 Atl. Rep. 453.* The mortgagor's agent used the word "assignee" in writing the endorsement; but no assignment, as generally understood, was intended.

The petitioner urges that it would be inequitable to permit Mrs. Wolf to retain the property and also the insurance money, and insists on his right to redeem even though the statute clearly indicates that the privilege of redemption accrues only after a judgment is entered in the deficiency action. *P. L. 1880 p. 256,* as amended, *P. L. 1881 p. 185 (Comp. Stat. p. 3422),* amended, *P. L. 1915 ch. 178 p. 339.*

The reason for the statute is stated by the court of errors and appeals in *Pennsylvania Company for Insurance, &c.,* v. *Marcus, 89 N. J. Law 633* (at *p. 636*); *99 Atl. Rep. 405* (at *p. 406*).

It is in derogation of the common law and must be strictly construed. *Callan* v. *Bodine, 81 N. J. Law 240; 79 Atl. Rep. 1057; Development Building and Loan Association* v. *Nurock, 10 N. J. Mis. R. 23; 157 Atl. Rep. 452; Algrod Realty Co.* v. *Bayerl, 10 N. J. Mis. R. 651; 160 Atl. Rep. 504.*

Mrs. Wolf did not enter judgment in her deficiency action and she cannot be compelled to do so. A plaintiff has the right to submit to a voluntary nonsuit at any stage of the proceedings up to the moment when the jury retires to deliberate on a verdict. *Comp. Stat. p. 4103 § 160; Bauman* v. *Whiteley, 57 N. J. Law 487; Greenfield* v. *Cary, 70 N. J. Law 613.*

There is no merit in the defendants' contention that the position of the complainant is inequitable.

By retaining the property in its damaged condition and keeping the insurance money the complainant has nothing more than she had before the fire. She is not unjustly enriched; the assumption being that the amount paid to her by the insurance companies is equal to the extent of the damage caused by the fire, and nothing more than compensation for the damage. It is reasonable to believe that she will have to use the entire sum to restore the buildings to the condition in which they were before the fire. On the other hand, the defendant is benefited by the complainant's abandonment of the deficiency suit. He is saved from a judgment. He had sufficient opportunity to stop the foreclosure at any moment of its course and then to bid for the property at the sheriff's sale. He failed to take advantage of those opportunities. Neither law nor equity is on his side. The bill will be dismissed.