WILDWOOD TITLE AND TRUST COMPANY, PLAINTIFF, v. ALBERT GEISENHONER AND AGNES GEISENHONER, DEFENDANTS.

Decided October 18, 1933.

For the motion, *Geis & Milstead.*

*Contra, Francis J. Smith.*

JAYNE, S. C. C. The present motion is to strike out the answer filed in behalf of the defendants. An examination of the complaint discloses that this action is instituted to recover from the defendants the principal and interest of a certain promissory note in the sum of $5,450, made by the defendants to the order of the plaintiff under date of September 30th, 1931, payable at the plaintiff bank three months after its date. The answer denies generally all of the allegations of the complaint, and in a separate defense, the defendants aver that a bond and mortgage were executed and delivered to the plaintiff for the identical debt for which the promissory note was likewise given, and that the plaintiff has not taken any proceedings to foreclose the mortgage. The reasons assigned to support the present motion to strike out the answer are that the general denial contained in the answer is sham and that the separate defense is frivolous. An affidavit is submitted in behalf of the plaintiff verifying the allegations of fact in the complaint, and no affidavit is presented in behalf of the defendants by which such facts are controverted. In this situation, the facts adequately alleged in the complaint and verified by the affidavit must be assumed to be true. *Lembeck, &c., Brewing Co.* v. *Krause,* 94 *N. J. L.* 219. Thus the denial by the defendants, as averred in the answer, of the execution and delivery of the note and of the amount of the indebtedness is sham.

Turning then to the consideration of the separate defense, it becomes obvious that the defendants by this pleading seek to invoke the provisions of section 2 of the act of March 23d, 1881. This section has recently undergone certain changes in particulars unimportant to the question here debated. *Pamph. L.* 1932, *ch.* 231; *Pamph. L.* 1933, *ch.* 82. The pertinent part of this statute is as follows:

"That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be first, to foreclose the mortgage, &c."

In disposing of this motion, it must be assumed that a bond and mortgage were given by the defendants to the plaintiff for the same debt for which the promissory note was likewise given. The contention in support of the motion then is that the statutory provision, to which reference is made, is inapplicable where a promissory note and a bond and mortgage are all given for the same debt. It is true that this statute is in derogation of the common law and therefore, in recognition of the well settled rule, must be strictly construed. *Callan* v. *Bodine,* 81 *N. J. L.* 240; 79 *All. Rep.* 1057; *Development Building and Loan Association* v. *Nurock,* 10 *N. J. Mis. R.* 23; 157 *All. Rep.* 452; *Algrod Realty Co.* v. *Bayerl,* 10 *N. J. Mis. R.* 651; 160 *Atl. Rep.* 504; *Wolf* v. *Schlichting,* 10 *N. J. Mis. R.* 1003; 161 *All. Rep.* 840. Yet the statute must not be so construed as to disregard and nullify its evident object and purpose. The object and purpose of this legislation will be found stated in *Pennsylvania Company for Insurance* v. *Marcus,* 89 *N. J. L.* 633, 636; 99 *Atl. Rep.* 405, and in *Knight* v. *Cape May Sand Co.,* 83 *N. J. L.* 597, 601; 83 *Atl. Rep.* 964. As stated by Mr. Justice Kalisch in the opinion of the Court of Errors and Appeals in *Knight* v. *Cape May Sand Co., supra:*

"It was not intended, however, that the strictness with which this statute should be construed should attain to that degree as to destroy its purport and efficacy. The statute was enacted to counteract a prevailing evil which then existed and which was very oppressive to mortgage debtors.

"Its palpable object is to prevent an obligee of a bond from suing thereon, until he shall have first foreclosed the mortgage, which has been given as collateral security for the payment of the bond. Before the passage of the act the mortgagee could foreclose his mortgage and bring his action on the bond at the same time, if he saw fit, and thus harass the mortgage debtor and put him to needless expense and costs.

"It was at such oppressive proceedings that the statute

aimed. It would follow, therefore, that in order to effectuate the policy of the law, the strictness of construction required to be given to the statute should be within the bounds of a liberal sense and not an illiberal one."

In the instant case, both a bond and mortgage are alleged to have been given for the same debt. Thus, the factual circumstances expressly comprehended by the provisions of the statute are alleged to exist. When the words of a statute are clear and their meaning and application plain, there is no room for judicial construction. *McGowan* v. *Metropolitan Life Insurance Co.,* 60 *N. J. L.* 198; 38 *Atl. Rep.* 671. In *Crosby* v. *Washburn,* 66 *N. J. L.* 494; 49 *Atl. Rep.* 455, it appeared that the defendant executed and delivered to the plaintiff a mortgage to secure a certain indebtedness evidenced by a bond with warrant to confess judgment, and also a promissory note. Upon default in the payment of the indebtedness, the mortgage was foreclosed, the mortgaged premises sold, and judgment for the deficiency was entered by confession under the authority of the warrant. Among the reasons assigned for vacating the judgment was the claim that the suit should have been on the note and not on the bond. It was in this case held that the procedure was proper in that it was the procedure prescribed by the act of 1881. In *Van Aken* v. *Tice,* 60 *N. J. L.* 377; 38 *Atl. Rep.* 20, the facts were that the defendant had executed a real estate mortgage to the plaintiff to secure the payment of two promissory notes amounting to $1,400. A bond accompanied this mortgage. Some weeks later a bond with warrant of attorney to confess judgment was delivered by the defendant to the plaintiff. This latter bond was conditioned for the payment of $1,460, which was the same debt as that secured by the mortgage, with interest added. Subsequently, judgment was entered by virtue of the warrant of attorney. No suit had been brought to foreclose the mortgage. The defendant contended that the judgment thus obtained had been prematurely entered and should be set aside. It will be observed that it was not suggested in the opinion rendered in this case that the statutory provision was inapplicable because two promissory notes had

also been given for the same debt. The plaintiff there sought to evade the statute by contending that the mortgage had been surrendered and that the protection of the statute had been waived by the defendant.

It is argued that the present case is an action on the note and not on the bond. The argument is without force because the present action is a proceeding to collect the debt for which a bond and mortgage had been given. The form and nature of the action is immaterial if, in reality, it is a proceeding to collect the same debt for which a bond and mortgage have been given.

It is true that where a note secured by a mortgage is given for a debt, the statute, under a strict construction, has been held to be inapplicable. *Asbury Park and Ocean Grove Bank* v. *Giordano,* 3 *N. J. Mis. R.* 555; 129 *Atl. Rep.* 202; *affirmed,* 103 *N. J. L.* 171; 134 *Atl. Rep.* 915. A note is quite a different obligation from a bond and is not comprehended by the terms of the statute. The conclusion is, therefore, that where a bond and mortgage and promissory note are all given for the same debt, the foreclosure of the mortgage must, by virtue of the statute, be the first proceeding to collect the debt. The giving of a promissory note, in addition to the bond and mortgage, does not in itself constitute a waiver of the protection of the statute.

The motion will prevail in its relation to the defense by which the defendants deny the execution and delivery of the note. Such denial is sham. The motion to strike out the first separate defense will be denied.