ROBERT SHERWOOD, RECEIVER OF THE BROAD STREET NATIONAL BANK OF RED BANK, NEW JERSEY, PLAIN-TIFF, v. HARVEY W. YOUNG, DEFENDANT.

Decided September 18, 1936.

For the motion, *Leo J. Warwick* (*Stanley Cohen*).

Opposed, *Edward W. Wise.*

LAWRENCE, S. C. C. This is a suit on two promissory notes made by Lucretia T. Young to the order of her husband, the defendant, endorsed by them and discounted for his accommodation by the Broad Street National Bank of Red Bank, now in the custody of the comptroller, and of which plaintiff is receiver. The notes fell due on April 25th, 1933, and May 8th, 1933, respectively, were not paid and were duly protested. $3,734.12 remains due on the former and $5,402.26 on the latter. On April 26th, 1935, the sums due not having been paid, the predecessor of plaintiff as receiver of the bank required defendant and his wife to give security for the payment of the notes and they executed and delivered to the receiver a bond and mortgage for $10,000, which contained the following condition:

"This bond and the accompanying mortgage are given as full collateral security for any note or notes made, executed or endorsed by the said Harvey W. Young or Lucretia T. Young, his wife, now held by the party of the second part or hereafter coming to his hands, or to the hands of his successors or assignees, including all interest, costs and charges

thereon, and for any renewal or renewals of any of said note or notes, and in the event of payment of all of said notes, together with all interest, costs and charges thereon, this bond is to be surrendered receipted for cancellation to the party of the first part, Harvey W. Young, by the party of the second part, his successors or assigns, and in the event of default made in the payment of any note or notes, this bond shall become due immediately upon such default, although the period herein mentioned for the payment thereof may not have expired."

After the execution and delivery of the bond and mortgage, Mrs. Young died and plaintiff, in the present suit, elected to proceed against the husband alone to recover the amount due on the notes.

Defendant's answer neither admits nor denies the allegations of the first and second counts of the complaint containing a recital of the making and discount of the notes, their protest and the sums remaining unpaid, but in separate defenses sets up that plaintiff is precluded from recovery on the notes, alleging that the bond and mortgage were executed and delivered for the same debt and that he must first resort to a foreclosure of the mortgage, in pursuance of chapter 231 of the laws of 1932, page 509 (*N. J. Stat. Annual* 1932, § 134-48), entitled, "An act to amend an act entitled, 'An act concerning proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder,' approved March twenty-third, one thousand eight hundred and eighty-one;" which amended act was approved June 14th, 1932, and chapter 82 of the laws of 1933, approved March 29th, 1933, page 172. *N. J. Stat. Annual* 1933, § 134-48.

Plaintiff moves to strike the answer as sham and the separate defenses as frivolous on the ground that the making, delivery and discount of the notes, the protest and the amount remaining unpaid is not denied and could not be; while the condition of the bond and mortgage clearly indicates a waiver of the provision of the statutes invoked. This appears to be so. In *Callan* v. *Bodine*, 81 *N. J. L.* 240; 79 *Atl. Rep.* 1057, it was said that the provision requiring the foreclosure of the

mortgage as the first step in the proceeding for the collection of a debt is a personal privilege and is not designed to secure any object of public policy; and being a personal privilege, a party has a right to waive his privilege under the statute. To like effect is *Crosby* v. *Washburn,* 66 *N. J. L.* 494; 49 *Atl. Rep.* 455. The bond and mortgage here involved were in terms given as collateral security for any notes made, executed and endorsed by defendant or his wife, and any renewals thereof, held by the receiver of the bank, together with all interest, costs and charges thereon, with the distinct provision that should the notes be paid, the bond and mortgage would be canceled and returned to defendant. There could be no clearer indication of the purpose for which they were given, and plaintiff could either bring an action on the notes or proceed to realize the value of the pledge or security. *Polhemus* v. *Prudential Realty Corp.,* 74 *N. J. L.* 570; 67 *Atl. Rep.* 303. He was not precluded in the circumstances by the statutes pleaded. The provisions were made inapplicable by the precise terms of the condition of the bond and mortgage. It may thus be said that the holding in *Knight* v. *Cape May Sand Co.,* 83 *N. J. L.* 597; 83 *Atl. Rep.* 964, and in *Wildwood Title and Trust Co.* v. *Geisenhoner,* 11 *N. J. Mis. R.* 871; 168 *Atl. Rep.* 751, is not controlling. The conclusion is that defendant has no proper defense and that the answer should be stricken as sham and the separate defenses as frivolous.