ROSE SASLOW, ADMINISTRATRIX OF THE ESTATE OF MORRIS SASLOW, DECEASED, AND ROSE SASLOW, ADMINISTRATRIX AD PROSEQUENDUM OF MORRIS SASLOW, DECEASED, PLAINTIFF, v. ANTHONY A. PREVITI, DEFENDANT.

Decided January 14, 1939.

For the plaintiff, *Samuel Backer*.

For the defendant, *Bolte & Miller*.

JAYNE, S. C. C. This motion is addressed to the first count of the complaint. Some introductory statement is essential to display the point in controversy.

The complaint relates the occurrence, on February 6th, 1938, of a mishap in which one Morris Saslow sustained certain bodily injuries from which he died on February 9th, 1938. The plaintiff has been duly appointed general administratrix of the estate of the deceased and also administratrix *ad prosequendum*. In the first count of the complaint the plaintiff, as general administratrix, seeks to recover damages from the defendant for moneys necessarily expended for the medical care and treatment of the injured intestate between the date of the accident and the date of his death. The second count pertains to her alleged cause of action as administratrix *ad prosequendum*. Such actions have, of course, been held to be maintainable under the authority of the Death act of March 3d, 1848, and the act of March 15th, 1855. *Soden* v. *Trenton, &c., Traction Corp.*, 101 *N. J. L.* 393; 127 *Atl. Rep.* 558.

The basic reason asserted in support of the present motion is that at the time of the occurrence of this accident and at the time of the institution of this action, there was no statute of our state authorizing executors and administrators to sue for any trespass done to the person of their testator or intestate.

Executors and administrators were afforded a right of action against the trespasser for any trespass done to the person of their testator or intestate by the fourth section of the act of 1855 (2 *Comp. Stat., p.* 2260) by which it was ordained that: "Executors and administrators may have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser or trespassers, and recover their damages in like manner as their testator or intestate would have had if he or she was living."

On December 20th, 1937, a revision, consolidation and compilation of the public acts of our state was adopted by the legislature. *Pamph. L.* 1937, *ch.* 188, *p.* 832. In this Revision of 1937, as then adopted, section 2:26-9 was written as follows: "Executors and administrators may have an action for any trespass done to the property, real or personal, of their testator or intestate against the trespasser, and recover their damages as their testator or intestate could if he was living."

It is therefore observed that in revising the fourth section of the act of March 15th, 1855, the word "person," among others, was deleted.

Recognizing the harsh rule at common law *actio personalis moritur cum persona,* the remedial character of the act of March 15th, 1855, the long established practice thereunder, the construction placed upon the sections of the act by our courts, and the instructions given to the revision commissioners by chapter 73 of the laws of 1925, it may be confidently surmised that the words "person or" were omitted in section 2:26-9 of the Revision of 1937 accidentally or inadvertently. This inference seems also to be reinforced by the fact that the right of action *against* the executors or adminis-

trators of a testator or intestate who, in his lifetime, shall have committed a trespass to the person of another, was not withdrawn. *R. S.* 1937, 2 :26-10. Moreover, the pertinent omission in section 2 :26-9 was supplied by the legislature at its next succeeding session. *Pamph. L.* 1938, *ch.* 29, *p.* 103.

It is suggested that notwithstanding the adoption of the revision, the section of the former statute (2 *Comp. Stat., p.* 2260, § 4) continued in force. It is true that repeal by implication is not favored and such is less readily implied in the case of a revision or compilation than in the case of a subsequent statute which appears to embrace the subject-matter of the earlier act. Usually a revision of the statutes simply iterates the former declaration of legislative will.

It is to be noticed, however, that the Revised Statutes (1937) were adopted "as all the public statute law of the State of New Jersey of a general nature." See section 1, chapter 188, *Pamph. L.* 1937. Mr. Justice Perskie in the recent case of *Brower* v. *Township of Franklin,* 119 *N. J. L.* 417, 423; 197 *Atl. Rep.* 367, held that an act (*Pamph. L.* 1928, *p.* 325) which was not included within the Revised Statutes of 1937 was consequently no longer a part of the public law of this state.

Moreover, the change in the language of the section with which we are here concerned altered its substance. Such a change in a statute, especially after it has had a settled judicial construction, would ordinarily give rise to the implication that the alteration was purposeful. If in a revision there are omissions, it is not ordinarily for the court to say whether those omissions are by accident or design. Still less should a court assume an omission to be accidental and then insert by construction what may have been omitted by design.

Lastly, it is recommended that the first count of the complaint be sustained by a judicial construction of section 2 :26-9 of the Revision, as adopted, notwithstanding the plain and ordinary signification of the words used. There must, of course, be some occasion and reason for the judicial construction of a statute. It is a familiar rule that the intention of the legislature is to be harvested by the courts from the

words employed in the statute and where there is no ambiguity and the meaning is clear, there is no room for judicial construction. *Douglass* v. *Freeholders, &c.,* 38 *N. J. L.* 214; *McGowan* v. *Metropolitan Life Insurance Co.,* 57 *Id.* 390; 30 *Atl. Rep.* 433; *affirmed,* 60 *N. J. L.* 198; 38 *Atl. Rep.* 671; *Herod* v. *Mutual Chemical Company of America,* 115 *N. J. L.* 369; 180 *Atl. Rep.* 432; *Ott* v. *Braddock,* 119 *N. J. L.* 507; 197 *Atl. Rep.* 271.

The language of section 2:26-9 as embodied in the Revision is perfectly comprehensible. There is nothing in its language to warrant the inference that the legislature intended to invest executors and administrators with the right to prosecute an action for a trespass done to the *person* of their testator or intestate. To interpolate the desired words into the section would amount to the introduction of an entirely supplementary thought. The courts of our state are not clothed with the power to supervise legislation (*Douglass* v. *Freeholders, &c., supra*) and the power to construe does not embrace the power to legislate. Courts have, of course, supplied apparent omissions in statutes. In such instances, the intent and the evident will of the legislature were apparent and were utterly defeated by the omission. The general rule is that where words have been omitted from a statute by inadvertence, or through clerical error, and the intent of the legislature is clearly ascertainable from the context, the court will insert the words necessary to carry out that manifest intent. Citations upholding the right of the court to make such interpolations may be found collected in 3 *A. L. R.* 404. See *Iadone* v. *State,* 1 *N. J. Mis. R.* 281. In the construction of statutes, words should never be supplied except to effectuate a meaning clearly shown by the other parts of the statute and to undertake to augment the substance of a statute as here desired would be an abortive act of legislation rather than a proper exercise of the power of judicial construction. *Orvil* v. *Woodcliff,* 61 *N. J. L.* 107.

If the omission in our statute occurred by accident, it belongs to the legislature to supply it. This has now been. done.

The motion is accordingly granted.