RECONSTRUCTION FINANCE CORPORATION, A CORPORA-
TION ORGANIZED UNDER THE LAWS OF THE UNITED
STATES OF AMERICA, PLAINTIFF, v. CHARLES HAAG,
DEFENDANT.

Decided September 29, 1944.

For the plaintiff, *Charles R. L. Hemmersley.*

For the defendant, *Benedict A. Beronio* (*Isadore Glauberman*, of counsel).

ACKERSON, S. C. C. This action is brought to recover the amount alleged to be due on a bond dated July 3d, 1923, made by the defendant to Jefferson Trust Company and assigned by the latter to the plaintiff herein. The lien of the mortgage which was given to secure the payment of this bond was extinguished by the foreclosure in the Court of Chancery of two tax sale certificates in which proceedings the final decree affecting the easterly half of the mortgaged premises was entered on November 24th, 1942, and that affecting the westerly half was entered January 7th, 1943.

Defendant's answer consists of a denial of the allegation in paragraph 8 of the complaint that there is now due to the plaintiff as owner of said bond, the sum of $20,000 of principal and interest from September 1st, 1936, and there are appended thereto eight separate defenses and also the reservation of the right to move to strike the complaint at or before trial for specified reasons. The matter is now before the court on plaintiff's motion to strike this answer, including the separate defenses and the aforesaid reservation, for reasons presently to be considered.

Since the validity of the general denial found in paragraph 8 of the general answer depends upon the sufficiency of one or more of the separate defenses appended thereto, we will pass immediately to the consideration of the latter.

The fourth and fifth separate defenses respectively allege that the present action was not commenced within three months from the date of the sale of the mortgaged property

for unpaid taxes nor within three months from the dates of the final decrees of the Court of Chancery barring plaintiff's right of redemption.

Plaintiff moves to strike these defenses as frivolous and insufficient in law. Obviously they were intended to invoke the limitation features of the second section of the Mortgage Act, *R. S.* 2:65–1, *et seq.; N. J. S. A.* 2:65–1, *et seq.* It is well settled, however, that this act does not apply where, as here, the lien of the mortgage given to secure the bond being sued upon has been extinguished by the foreclosure of a prior encumbrance or lien before the commencement of the action on said bond. In other words the provisions of this statute do not apply to any bond except the bond of the complainant in the foreclosure of the mortgage which it was given to secure. *Wheeler* v. *Ellis,* 56 *N. J. L.* 28; 27 *Atl. Rep.* 911; *Seigman* v. *Streeter,* 64 *N. J. L.* 169; 44 *Atl. Rep.* 888; *Franklin Loan and Building Association* v. *Richman,* 65 *N. J. L.* 526; 47 *Atl. Rep.* 426; *Pruden* v. *Savage,* 70 *N. J. L.* 22; 56 *Atl. Rep.* 690; *Bower* v. *Bower,* 78 *N. J. L.* 387; 74 *Atl. Rep.* 522; *Schmidt* v. *Frey,* 86 *N. J. L.* 215; 90 *Atl. Rep.* 1123; *Echickson* v. *Zalenski,* 106 *N. J. L.* 508; 150 *Atl. Rep.* 335; *Sivade* v. *Smith,* 104 *N. J. Eq.* 528; 146 *Atl. Rep.* 364; *Pink* v. *Deering,* 122 *N. J. L.* 277; 4 *Atl. Rep. (2d)* 790; *Bloomfield Heights, Inc.,* v. *Holland Associates, Inc.* (*Circuit Court, Essex County, January 17th,* 1944), 22 *N. J. Mis. R.* 61; 35 *Atl. Rep. (2d)* 622. The fourth and fifth separate defenses will, therefore, be stricken as frivolous.

The second, third and eighth separate defenses respectively allege that the present action was not commenced within one year from the date of the sale of the mortgaged property for unpaid taxes, nor within one year from the date of the final decree in the tax lien foreclosure proceedings in the Court of Chancery barring plaintiff's right of redemption, and not within one year of the date of the orders of the Court of Chancery confirming the master's report in the two municipal tax sale certificate foreclosure proceedings.

Plaintiff moves to strike these defenses as frivolous and insufficient in law. They were undoubtedly pleaded in an effort to take advantage of the limitation features contained

in *Pamph. L.* 1942, *ch.* 172, *p.* 532; *R. S. Cum. Supp.,* 2:65–7, 1, *et seq.; N. J. S. A.* 2:65–7, 1, *et seq.,* which act is entitled "An act concerning actions on bonds, payment whereof are or shall be secured by mortgage, in cases in which the lien of the mortgage has been or shall be extinguished by the foreclosure of a *prior mortgage,* and supplementing chapter 65 of Title 2 of the Revised Statutes."

The first section of this act provides as follows: "Where a bond and mortgage shall be or have been given for the same debt and the lien of the mortgage has been or shall be extinguished by the foreclosure of a *prior mortgage,* action on the bond shall be commenced within one year from the date of the confirmation of the sale of the mortgaged premises whereby the lien of said mortgage was or shall be extinguished, * * *, but the time *during which any application for surplus moneys arising from the foreclosure of such prior mortgage* shall be in litigation, up to the time of the final determination of such litigation, shall not be taken or computed as part of any such period of one year. (Italics supplied throughout.)

Thus we see that the purpose of the act, as expressed in its title, as well as the enactment of the limitation upon the time for bringing action, as contained in the first section, are referable only to situations where the lien of the mortgage given to secure the bond in suit has been extinguished by the foreclosure of a prior mortgage. No mention is made of its extinguishment by a tax lien certificate foreclosure nor by the foreclosure of any other type of prior lien or encumbrance. Aside from this significant fact, however, the general context of the statute indicates that it was not intended, and could not be arbitrarily construed to apply to such a situation when the specifically designated application thereof is considered in connection with the nature of a municipal tax sale certificate foreclosure proceeding. The latter is a strict foreclosure which may not be brought until two years after the sale of the property for unpaid taxes. The original tax sale is not subject to any confirmation and there is no further sale of the property after the tax sale lien has attached thereto. Since the tax sale certificate foreclosure is a strict foreclosure without any further sale of the property, as in the case of a

mortgage foreclosure, there can be no "surplus money" proceedings as referred to in the statute and the only remedy of the mortgagee against the holder of the tax sale certificate is that prescribed by the statute, *i. e.*, redemption under *R. S.* 54:5–54 to 54:5–56; *N. J. S. A.* 54:5–54 to 54:5–56. The rights of the holders of such municipal liens arise solely out of and are fixed and determined by the Tax Act. For substantiation of the above observations and the nature of a tax certificate foreclosure as distinguished from a mortgage foreclosure see *Mitsch* v. *Owens*, 82 *N. J. Eq.* 404; 89 *Atl. Rep.* 292; *Kurzius* v. *The Hillside Land Co.*, 112 *N. J. Eq* 466 (at *p.* 468); 164 *Atl. Rep.* 687; *Atlantic City* v. *Gardner*, 124 *N. J. L.* 110; 199 *Atl. Rep.* 724; *Forster* v. *Davenport*, 128 *N. J. Eq.* 385; 16 *Atl. Rep.* (2d) 614; *Bloomfield Heights, Inc.*, v. *Holland Associates, Inc.*, *supra*.

It has been held that *R. S.* 2:65–1, *et seq.*; *N. J. S. A.* 2:65–1, *et seq.*, is in derogation of the common law and must be strictly construed, *Callan* v. *Bodine*, 81 *N. J. L.* 240; 79 *Atl. Rep.* 1057; *Development Building and Loan Association* v. *Nurock*, 10 *N. J. Mis. R.* 23; 157 *Atl. Rep.* 452; *Wolf* v. *Schlichting*, 111 *N. J. Eq.* 619; 161 *Atl. Rep.* 840; *Algrod Realty Co* v. *Bayerl*, 10 *N. J. Mis. R.* 651; 160 *Atl. Rep.* 504; *Bloomfield Heights, Inc.*, v. *Holland Associates, Inc.*, *supra*. Necessarily the supplement to that statute, *R. S.* 2:65–7.1 to 2:65–7.3; *N. J. S. A.* 2:65–7.1 to 2:65–7.3, with which we are presently concerned must receive a similar construction. In the face of this established method of construing the parent statute, *R. S.* 2:65–1, *et seq.*; *N. J. S. A.* 2:65–1, *et seq.*, the legislature saw fit to specifically limit the application of the last mentioned supplemental statute (*R. S.* 2:65–7.1 to 2:65–7.3; *N. J. S. A.* 2:65–7.1 to 2:65–7.3) in the manner above indicated and consequently the courts cannot extend it to cover the situation here presented.

The second, third and eighth separate defenses will, therefore, be stricken as frivolous.

The first separate defense pleads the sixth section of the statute of limitations (*R. S.* 2:24–5; *N. J. S. A.* 2:24–5), *i. e.*, that the cause of action did not accrue within sixteen years next preceding the commencement of the present action.

Plaintiff moves to strike this defense as sham. However, the affidavits disclose a question of fact with respect thereto, consequently plaintiff's motion in this regard must be denied.

The sixth separate defense alleges that plaintiff is not the owner and holder of the asserted cause of action. The motion is to strike this defense as sham. Plaintiff's affidavits support its claim of ownership while defendant's affidavit not only fails to refute it, but actually annexes a certified copy of the assignment of the bond and mortgage in question from Jefferson Trust Company to the plaintiff upon which the latter's title is founded and relies on a statement therein to support his first separate defense. The sixth separate defense, is, therefore, sham on the face of the affidavits. Furthermore, the defendant makes no mention of this defense in his brief and it may be considered as abandoned. It will be stricken for both of these reasons.

The seventh separate defense alleges that "plaintiff has failed to comply with the provisions of the statute in such case made and provided (*R. S.* 2:65–1, *et seq.*; *N. J. S. A.* 2:65–1, *et seq.*)." The motion is to strike this for obscurity and uncertainty in meaning presumably involving rule 39 of this court, *N. J. S. A. Tit.* 2. Also as sham in so far as intended to allege that there are provisions of *R. S.* 2:65–1, *et seq.*, which plaintiff is required to comply with as a matter of law but has failed so to do.

The defendant not only makes no mention of this specific defense in his brief, but therein concludes on pages 13 and 14 "that the motion to strike the second, third, fourth, fifth and eighth separate defenses should be denied," ignoring the sixth and seventh defenses entirely. Both of these defenses may, therefore, be considered as abandoned. Furthermore, the seventh separate defense in its present form is so obscure and uncertain as to present no facts upon which a definite, concrete issue may be properly joined and is, therefore, violative of the above mentioned rule of this court.

The seventh separate defense will, therefore, be stricken for the reasons above expressed.

Since the first separate defense, involving the question of the payment by the defendant of interest on the bond in

question within the limitation period of sixteen years, cannot, in view of defendant's affidavit, be stricken as sham, it follows that paragraph 8 of the general answer cannot be stricken as sham as it involves in part the same question.

Unfortunately a typographical error makes the latter part of this paragraph read "no payment on account of principal and interest on said bond was ever made by *plaintiff.*" Obviously the party intended to be thus referred to is the defendant, and apparently the plaintiff was apprised of this before the motion was brought on for hearing. This paragraph of the answer will not, therefore, be stricken for "obscurity and uncertainty in meaning" or as sham as claimed in the notice of motion, but may be amended by substituting the word "defendant" for that of "plaintiff" in the place above indicated.

No costs will be allowed on this motion and a form of order may be presented in accordance with the conclusions herein expressed.